23569. WHITEHEAD et al. v. HENSON et al.

CANDLER, Presiding Justice. A. P. Whitehead and R. O. Elliott filed a petition in the Superior Court of Fulton County for declaratory relief against Charles A. Henson, Jr., Sam Callaway and C. F. Boynton in their respective official capacities as members of the Joint City-County Board of Tax Assessors of the City of Atlanta and County of Fulton. As defendants, the petition also names other persons who participate in the collection of taxes in the City of Atlanta and Fulton County. In substance, the petition alleges: Petitioners jointly own certain realty in the City of Atlanta and Fulton County which they returned for ad valorem taxes in 1964 at a specified value. The Joint City-County Board of Tax Assessors refused to accept the valuation petitioners placed on it and assessed it for taxes at a higher valuation. Being dissatisfied with the board's action, petitioners, pursuant to the provisions of *Code Ann.* § 92-6912, demanded arbitration and named their arbitrator. The board named its arbitrator and the two named a third. A majority of the arbitrators placed a value on the property at a lower amount than that fixed by the board. The board refused to follow the action of the arbitrators and is proceeding to collect taxes on the property at the valuation it assessed. The prayers are for a judgment declaring the action of the arbitrators to be binding on the board and that the board and the other defendants be temporarily restrained from proceeding to collect taxes on the property at the valuation assessed by the board until the question raised by this declaratory proceeding can be heard and finally determined. The petition was dismissed on general demurrer and the appeal is from that judgment. *Held:* A proceeding brought under the Declaratory Judgments Act (Ga. L. 1945, p. 137) is not per se an equitable action, nor is it one for extraordinary relief. *Felton v. Chandler,* 201 Ga. 347 (39 SE2d 654). In the instant case plaintiffs pray that defendants be temporarily restrained from proceeding to collect taxes on their property until the rights and liabilities of the

parties can be heard and determined in this proceeding for declaratory relief, and under the decisions of this court in *Milwaukee Mechanics' Ins. Co. v. Davis*, 204 Ga. 67 (48 SE2d 876) and *Ulmer v. State Hwy. Dept.*, 210 Ga. 513 (1) (81 SE2d 514) such a prayer is not one for either equitable or extraordinary relief. Hence, the Court of Appeals and not this court has jurisdiction of the appeal.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JULY 13, 1966—DECIDED SEPTEMBER 8, 1966.

*A. Tate Conyers*, for appellants.

*J. C. Murphy, Harold Sheats, Charles M. Lokey*, for appellees.