## 53351. VENABLE v. BLOCK.

MARSHALL, Judge.

Judgment was entered on a verdict for plaintiff Block against defendant Venable on June 22, 1976. On the 31st day thereafter, July 23, 1976, the defendant filed motions for new trial and for judgment notwithstanding the verdict. On July 30, 1976, the plaintiff filed a motion to strike the defendant's aforesaid motions as being untimely. In an order entered October 15, 1976, the judge refused to rule on the plaintiff's motion to strike, and denied the defendant's motions on the merits. The defendant's appeal from this order and the appellee's motion to dismiss the appeal, raise this issue: can there be a valid appeal in the absence of the filing, within 30 days after entry of an appealable decision or judgment, of a notice of appeal, the obtaining of an extension of time therefor, or the filing of such motion as tolls the 30-day limit for appeal under the provisions of Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077)? *Held:*

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). Code Ann. § 6-803 provides in part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . ., but when a motion for new trial, . . ., or a motion for judgment notwithstanding the verdict *has been filed,* the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." (Emphasis supplied.) Motions for new trial and for judgment n.o.v. are required to be filed within 30

days after entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury (Code § 70-301 (as amended, Ga. L. 1973, pp. 159, 167); Code Ann. § 81A-150 (b) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248)), and "no extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict." Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). Consistently, then, the words "has been filed" in § 6-803, supra, pertaining to a delaying motion, must mean filed within 30 days after entry of the judgment. To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the above quoted provisions of Code Ann. § 6-804, prohibiting extensions of time for filing such motions, as well as ignore the further mandate of § 6-804, that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor. In this case, the appellant failed either to file a notice of appeal or obtain an extension of time within the 30-day period. This makes the appeal subject to dismissal. *Model Cleaners & Laundry v. Per Corp.,* 127 Ga. App. 559 (194 SE2d 258) (1972).

There is a line of cases holding to the effect that, even where a motion for new trial was void, an appeal filed within 30 days after the entry of the order finally disposing of the void motion, is timely filed under Code Ann. § 6-803, supra, so that the court can rule on all remaining enumerations of error other than the denial of the motion. See, e.g., *Gold Kist, Inc. v. Stokes,* 235 Ga. 643 (221 SE2d 49) (1975) and cits. While these cases appear at first blush to control the case sub judice, a closer examination reveals that the motions with which the courts there dealt, were void because they were not prosecuted or were made *prematurely* (i.e., before the entry of the judgment). None was filed late. An indication that *late* filing of notice of appeals is still jurisdictional appears in the case of *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975), which overruled the line of cases making premature filing of a notice of appeal ineffective to vest jurisdiction of the appeal in the appellate court. On p. 310, the Supreme Court quoted from Markham v. Holt, 369 F2d 940, as follows: "This court has consistently

adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged *not because something was done too late,* but rather because it was done too soon . . ." This distinction was reiterated in *Anthony v. Anthony,* 236 Ga. 508, 514 (224 SE2d 349) (1976), which held that the appealability of "all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below," under the provisions of Code Ann. § 6-701 (b), "is dependent upon a proper appeal first being taken under § 6-701 (a) (1) or (2)."

Thus, when the 30-day period after the entry of the judgment on the verdict expired, no notice of appeal having been filed, no extension of time therefor obtained, nor a motion filed which would toll the time for the filing of the notice of appeal, the judgment, unappealed from within 30 days, became the law of the case; hence, the trial court was without jurisdiction to rule on either the motion for new trial or the motion for judgment n.o.v. Accordingly, everything that occurred subsequent to the 30-day period after entry of the judgment on the verdict was a nullity, including the present appeal from the ruling on the void motions; therefore, the appeal must be and is dismissed.

*Appeal dismissed. Deen, P. J., and Webb, J., concur.*

Argued January 7, 1977 — Decided March 8, 1977.

*L. C. Chrietzberg,* for appellant.
*Russell L. Adkins, Jr.,* for appellee.