### 54840. NATIONAL ENTERPRISES, INC. v. DAVIS.

SMITH, Judge.

National Enterprises appeals alleging the trial court erred in calling the case for trial on February 10, 1977, in neglecting to give appellant notice that the court intended to call the case, in making its findings of fact and conclusions of law and entering a judgment against the appellant, and in failing to sustain appellant's motions to grant a new trial and to set aside the judgment. We affirm.

Appellee instituted this suit for breach of contract in the State Court of DeKalb County. After timely answer, the court called the case for trial on January 17, 1977, at which time appellant moved for a continuance to allow appellant to complete discovery. The court granted the continuance after appellant agreed to the court's specially setting the case for trial on February 10, 1977. On February 10 appellant failed to appear, and appellee informed the court that, on February 4, 1977, the Superior Court of Gwinnett County entered an order, a copy of which appellant had filed in the DeKalb State Court on February 8, purporting to stay the DeKalb State Court proceedings in this case. The DeKalb court, in appellant's absence, proceeded to try the case on the merits, entered findings of fact, conclusions of law and a $25,000 judgment for appellee.

1. Appellant contends the trial court erroneously called the case for trial on February 10, in appellant's absence and without giving appellant proper notice. We disagree. The Gwinnett County Superior Court lacked jursidiction to stay the DeKalb State Court trial. "The power [to stay proceedings] can be exercised only in the action before the court, as one court cannot, in an action before it, stay proceedings in another action . . . particularly where the other action is pending in a different court, in a different jurisdiction, the relief in such a case, if obtainable, being by injunction." 1 CJS 1405, Actions, § 132. (See *Bloomfield v. Liggett & Myers,* 230 Ga. 484 (198 SE2d 144) (1973), which cites this section of CJS.) Appellant did not seek, nor did the Gwinnett Superior Court grant, an injunction. See Code § 55-103. Therefore, appellant's reliance on the superior

court's power to enjoin is misplaced.

Appellant has not carried its burden to show it had not been given proper notice that the trial would proceed on February 10, as it was on appellant's specific request and in appellant's presence that the trial was set for that date. *Trice v. Howard,* 130 Ga. App. 895 (204 SE2d 808) (1974). We will not hold that, merely because of appellant's February 8 filing of the superior court order in the state court, the state court was required to reiterate that it intended to proceed. Since the superior court lacked jurisdiction to issue the stay order, it was a nullity and *no one* was bound to obey it. *Pearson v. George,* 211 Ga. 18 (83 SE2d 593) (1954). Appellant made no motion to stay the state court trial, and the court was correct to render a decision on the merits in appellant's absence. "[W]henever a party is brought into Court, *he is bound to full diligence,* which, if he uses, he will obtain his rights. If he neglects either in putting in proper pleas, or introducing all his evidence to support them, he has no one to blame but himself . . ." *Stroup v. Sullivan,* 2 Ga. 275, 280 (1847). Finally, the fact that judgment was rendered in appellant's and his counsel's unexcused absence is no ground for new trial. *Jordan v. Plott,* 121 Ga. App. 727, 728 (175 SE2d 148) (1970).

2. Appellant contends the trial court's judgment, including findings of fact and conclusions of law, is not supported by the evidence. However, there is before us no transcript of the evidence introduced at trial. "Findings of fact will not be set aside unless clearly erroneous (Code Ann. § 81A-152 (a)), and the judgment of the trial court will not be disturbed where the record does not show error. In the absence of a transcript of the evidence, we must assume the evidence presented was sufficient to support the judgment." *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976).

3. No nonamendable defect appears upon the face of the record or pleadings, and, hence, the court did not err in overruling appellant's motion to set aside its judgment. CPA § 60 (d) (Code Ann. § 81A-160 (d)). See also *Jordan v. Plott,* supra, p. 728.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED FEBRUARY 14, 1978 —
REHEARING DENIED MARCH 8, 1978 — CERT. APPLIED FOR.

*Ringel, Gray & Hinson, Jerry T. Hinson,* for appellant.

*Redfern, Butler & Morgan, E. Lee Redfern, Rex M. Lamb, III,* for appellee.