## 55139. SMITH v. FORRESTER.

SHULMAN, Judge.

This appeal is brought from a judgment on a jury verdict in favor of appellee and from the denial of appellant's motion for new trial. Appellee has made a motion in this court to dismiss the appeal for failure to file a notice of appeal or motion for new trial within 30 days after entry of judgment.

Judgment was entered for appellee on March 16, 1977. On April 13, appellant's counsel sent a motion for new trial to the trial judge requesting the judge to sign the rule nisi attached to it and send a copy to opposing counsel. The judge complied with counsel's requests and sent the original of the motion back to counsel. Appellant's attorney immediately returned the motion to the judge, asking that it be filed of record as of the date it was signed by the judge and indicating that he believed his secretary and the judge's secretary had arranged to have it filed when signed. The judge again returned the motion, denying any knowledge of such arrangements and indicating that he did not file motions for new trial. By that time, the period in which the motion could be filed had passed. Counsel then made a formal "Motion to Order Filing of Motion for New Trial." That motion, opposed by appellee, was granted. Appellee argues that the trial court was without authority to order the late filing and we agree.

"All applications for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict . . ." Code Ann. § 70-301. Appellant's contention is that by sending the motion to the judge for signature on the rule nisi he made application for new trial within the meaning of § 70-301.

"The defendant's appeal from [denial of his motion for new trial] and the appellee's motion to dismiss the appeal, raise this issue: can there be a valid appeal in the absence of the filing, within 30 days after entry of an appealable decision or judgment, of a notice of appeal, the obtaining of an extension of time therefor, or the filing of such motion as tolls the 30-day limit for appeal under the provisions of Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21;

1966, pp. 493, 496; 1968, pp. 1072, 1077)? *Held:*

" 'The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.' *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). Code Ann. § 6-803 provides in part: 'A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . ., but when a motion for new trial, . . . , or a motion for judgment notwithstanding the verdict *has been filed,* the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion.' (Emphasis supplied.) Motions for new trial and for judgment n.o.v. are required to be filed within 30 days after entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury (Code § 70-301 (as amended, Ga. L. 1973, pp. 159, 167); Code Ann. § 81A-150 (b) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248)), and 'no extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict.' Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). Consistently, then the words 'has been filed' in § 6-803, supra, pertaining to a delaying motion, must mean filed within 30 days after entry of the judgment. To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the above quoted provisions of Code Ann. § 6-804, prohibiting extensions of time for filing such motions, as well as ignore the further mandate of § 6-804, that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor. In this case, the appellant failed either to file a notice of appeal or obtain an extension of time within the 30-day period. This makes the appeal subject to dismissal. *Model Cleaners & Laundry v. Per Corp.,* 127 Ga. App. 559 (194 SE2d 258) (1972)." *Venable v. Block,* 141 Ga. App. 523, 524 (233 SE2d 878).

Code Ann. § 70-301 was enacted as part of the Appellate Practice Act of 1965, "An Act to comprehensively and exhaustively revise, supersede, and modernize appellate and other post-trial procedure in civil and criminal cases; . .," Ga. L. 1965, p. 18. Code Ann. §§ 6-803 and 6-804 were part of the same Act, and in view

of the interplay of those statutes as set out in the quote above, we find a clear legislative intent that application for a new trial is made only by *filing* a motion for new trial. Motions are filed with the clerk of the court. Code Ann. § 81A-105 (e). While that section authorizes a judge to permit papers to be filed with him, it does not require that he do so. *English v. Atlanta Transit System,* 134 Ga. App. 621 (2), 623 (215 SE2d 304). The record here shows that the trial judge did not permit the motion to be filed with him within the statutory 30-day period. Due to the statutory requirement of filing, we find untenable appellant's position that sending the motion to the judge constituted making application within the meaning of Code Ann. § 70-301.

The motion in this case was finally filed, pursuant to the trial court's order, on May 23, 1977, well after the expiration of the 30-day period for filing the motion. "Thus, when the 30-day period after the entry of the judgment on the verdict expired, no notice of appeal having been filed, no extension of time therefor obtained, nor a motion filed which would toll the time for the filing of the notice of appeal, the judgment, unappealed from within 30 days, became the law of the case; hence, the trial court was without jurisdiction to rule on . . . the motion for new trial. . . Accordingly, everything that occurred subsequent to the 30-day period after entry of the judgment on the verdict was a nullity, including the present appeal from the ruling on the void motions; . . ." *Venable v. Block,* supra, p. 525. Although in general we prefer that cases be determined on their merits, we reluctantly conclude that this appeal must be dismissed.

*Appeal dismissed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 18, 1978 — DECIDED FEBRUARY 16, 1978 — REHEARING DENIED MARCH 14, 1978 — CERT. APPLIED FOR.

*G. Hughel Harrison,* for appellant.
*Deal, Birch, Orr & Jarrard, J. Nathan Deal, Ronald K. Hopkins,* for appellee.