## 61522. DUTTON v. DYKES et al.

POPE, Judge.

Appellant Valerie Caldwell Dutton brought this action for malicious arrest against appellees G. R. Dykes, a DeKalb County police investigator, and Walt Russell, Chairman of the DeKalb County Commission at the time of her arrest. Appellant enumerates as error the trial court's grant of appellees' motion for summary judgment and the denial of her "motion to reconsider."

On July 7, 1980 appellees filed a motion to dismiss on the ground that appellant had failed to state a cause of action against them. A hearing on the motion was set for August 8. On August 1 appellees filed the affidavit of G. R. Dykes, and on August 8 a memorandum of law, in support of their motion. After hearing arguments on the motion, the trial court directed each side to submit briefs on the question of whether appellees' affidavit had pierced appellant's pleadings as to the issues of malice and probable cause. On August 12 both sides submitted the requested briefs. Additionally, appellees submitted a proposed order; appellant amended her complaint and submitted an affidavit in opposition to the motion. On September 3 the trial court signed appellees' proposed order and on September 4 that order was filed with the clerk of court. On September 10 appellant filed a "motion to set aside" the order of the court; this motion was denied on September 30. Appellant's notice of appeal was filed on October 7.

1. The order granting appellees' motion for summary judgment stated in pertinent part that the trial court's decision was based "upon consideration of the pleadings filed in this case, of all discovery taken in the case, and of the affidavit of [appellee] G. R. Dykes. . . As grounds in support of her motion to set aside[1] that order appellant set forth: "(1) That the Court, by its order, and on its face failed to consider the affidavit filed by [appellant] contesting the affidavit of . . . G. R. Dykes; (2) That on August 11, 1980, [appellant] filed an amendment to [appellees'] motion for summary judgment; (3) That attorneys for [appellees] prepared the within order and forwarded

---

[1] Although appellant refers to her September 10 motion on appeal as one for

the same to [the trial court] *prior* to the time that they received [appellant's] brief, etc.; and (4) That [appellant's] affidavit and amendment create a genuine issue of material fact."

The Civil Practice Act provides: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. . ." CPA § 60 (d) (Code Ann. § 81A-160 (d)). The record in this case shows that appellant's affidavit was filed after the hearing on appellees' motion for summary judgment along with a verified statement by appellant to the effect that she was out of town from August 2 to August 10 and consequently was unavailable to her attorney in order to prepare and file her affidavit in response to appellees' affidavit. "An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered." *Malone v. Ottinger,* 118 Ga. App. 778, 779 (165 SE2d 660) (1968). The record discloses no request by appellant for enlargement of time within which to file and serve her affidavit nor was there a finding of excusable neglect in failing to serve the affidavit as provided by the CPA. See *Wall v. C. & S. Bank of Houston County,* 145 Ga. App. 76 (2) (243 SE2d 271) (1978); see also *Jones v. Howard,* 153 Ga. App. 137 (1) (264 SE2d 587) (1980). Accordingly, the trial court did not err in failing to consider appellant's affidavit.

Moreover, notwithstanding that the order of the court was physically prepared by appellees prior to their receipt of appellant's amendment to her complaint, there is nothing in the record to indicate that the trial court failed to consider that amendment before ruling on appellees' motion for summary judgment. See *Rushing v. Ellis,* 124 Ga. App. 621 (1) (184 SE2d 667) (1971). "The motion not having been based on a nonamendable defect appearing in the record (Code Ann. § 81A-160 (b, d)), the court properly denied it." *Farr v. Farr,* 120 Ga. App. 762 (2) (172 SE2d 158) (1969).

2. Although the denial of a motion to set aside is final and appealable (*Mayson v. Malone,* 122 Ga. App. 814 (2) (178 SE2d 806) (1970)), such a motion is not one which will automatically extend the time for filing notice of appeal on the underlying judgment. Code Ann. § 6-803 (a); *Johnson v. Barnes,* 237 Ga. 502 (1) (229 SE2d 70)

"reconsideration," we will treat it as originally denominated, i.e., as a motion to set aside the judgment. See *Henry v. Polar Rock Dev. Corp.,* 143 Ga. App. 189 (1) (237 SE2d 667) (1977).

(1976); *Azar v. Westview Cemetery, Inc.,* 134 Ga. App. 682 (215 SE2d 719) (1975). Since appellant's notice of appeal was filed 31 days after the entry of the order granting appellees' motion for summary judgment, that portion of her appeal seeking review thereof is untimely and must be dismissed. See *Shepherd v. Epps,* 242 Ga. 322 (1) (249 SE2d 33) (1978); *Moore v. First Nat. Bank of Atlanta,* 148 Ga. App. 631 (252 SE2d 60) (1979).

*Appeal dismissed in part; judgment affirmed in part. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1981.

*Murray M. Silver,* for appellant.
*Gail C. Flake,* for appellees.