## 62482. GRAVES v. AMERICAN ALLOY STEEL, INC.

SOGNIER, Judge.

Appellant Graves filed his complaint against American Alloy Steel, Inc. on March 19, 1980. Appellant failed to appear when the calendar was called on May 22, 1980 and his suit was dismissed with prejudice for want of prosecution. On June 5, 1980 appellant filed a motion to vacate the order of dismissal but failed to appear at the hearing on this motion. On August 22, 1980 an order denying his motion to vacate was entered. No timely appeal was filed from the

order of dismissal nor from the denial of appellant's motion to vacate. On October 9, 1980 appellant filed a motion to set aside the order of May 22, 1980; the motion was denied on February 5, 1981. Appellant now appeals the order of February 5, 1981 denying his motion to set aside and the original order of dismissal of May 22, 1980.

1. Appellee has filed a motion to dismiss the instant appeal according to our Rule 32 (d). Appellant failed to timely file a notice of appeal from the order of May 22, 1980. Appellant's June 5, 1980 motion to vacate did not automatically extend the time for his notice of appeal since a motion to vacate is not included among those motions enumerated in Code Ann. § 6-803 (a). *Robinson v. Carswell,* 147 Ga. App. 521 (249 SE2d 331) (1978). Nor does appellant's motion to set aside extend the time for filing a notice of appeal on the underlying judgment under the provisions of Code Ann. § 6-803 (a). *Dutton v. Dykes,* 159 Ga. App. 48 (283 SE2d 28) (1981). Thus, appellee's motion to dismiss the appeal as to the original judgment of May 22, 1980 is granted.

2. Appellant also contends that the trial court erred in denying his motion to set aside the May 22, 1980 judgment. Appellant's motion to set aside was filed on October 9, 1980 and denied on February 2, 1981 and is a final and appealable order.

Appellant here is seeking a review of the denial of his *second* motion to set aside. His motion to vacate filed on June 5, 1980 must be treated as a motion to set aside under the provisions of Code Ann. § 81A-160. *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 184 (233 SE2d 39) (1977). The August 22, 1980 order denying appellant's motion to vacate was not appealed; therefore, the trial court's judgment was conclusive. See Code Ann. § 110-501. The denial of the second motion to set aside the May 22, 1980 judgment filed on October 9, 1980 was correct. See *Turner v. Harper,* 234 Ga. 891 (218 SE2d 621) (1975).

*Appeal dismissed in part. Judgment affirmed in part. Shulman, P. J., and Birdsong, J., concur.*

Decided November 13, 1981.

*Mitchell A. Gross, R. Edward Furr, Jr.,* for appellant.
*Wendell K. Willard,* for appellee.