## 64774. HOOPER v. THE STATE.

McMurray, Presiding Judge.

Defendant and his wife were indicted and tried for the offense of cruelty to children in connection with the death of defendant's stepchild (20 months of age), the co-defendant wife's natural child. Defendant was convicted and the co-defendant wife was acquitted. Defendant's motion for directed verdict of acquittal had been denied and his motion for judgment notwithstanding the verdict was also denied. He filed a motion for new trial on the alternative grounds of insufficiency of the evidence and newly discovered evidence. The trial court denied the motion on the ground of insufficiency of the evidence, but granted it on the ground of newly discovered evidence. Defendant then filed a motion of autrefois acquit, which was denied. He was again convicted in the second trial and sentenced to twenty years, to serve 10 years in confinement and 10 years on probation. On this appeal he challenges the trial court's rulings on his motions pertaining to the first trial and the sufficiency of the evidence in both trials. *Held:*

1. Defendant's challenges to the denial of his motions pertaining to the first trial must be rejected under Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986). Code Ann. § 6-809 (b) (1), supra, provides that an appeal shall be dismissed for failure to file a timely notice of appeal. In this case, defendant had 30 days after entry of the denial of his motion for new trial on insufficiency of the evidence grounds. Code Ann. § 6-803 (a) (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077). The motion was denied and filed on February 1, 1982. The notice of appeal was not filed until April 22, 1982, well beyond the statutory time limit.

The only ruling made by the trial court within 30 days of defendant's filing of the notice of appeal was the court's denial of defendant's motion of autrefois acquit. This, however, is immaterial. For one reason, that style of motion is not included in Code Ann. § 6-803 (a), supra, as one which will extend the filing date for a notice of appeal. See generally *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *Graves v. American Alloy Steel,* 160 Ga. App. 378, 379 (1) (287 SE2d 94); *Dutton v. Dykes,* 159 Ga. App. 48, 49-50 (2) (283 SE2d 28); *Robinson v. Carswell,* 147 Ga. App. 521 (249 SE2d 331). For another reason, the motion was not even applicable under the facts of this case. It is a double jeopardy motion. See *Crumley v. City of Atlanta,* 68 Ga. App. 69, 73 (22 SE2d 181). See also cases digested in 4A West's Words and Phrases 664 at 664-666. The grant of a new trial on motion made by the defendant and setting aside his conviction precluded

any such double jeopardy claim. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430). The nullifying of the first trial also rendered any claims of error therein moot. Code Ann. § 6-809 (b) (3), supra. For the foregoing reasons we dismiss this part of defendant's appeal.

2. Defendant asserts in his second enumeration of error that the evidence was insufficient to support the verdicts in both trials. For the reasons stated in Division 1, supra, we will not consider the contention as it related to the first trial. We find that the evidence in the second trial, although circumstantial and conflicting, was sufficient to authorize the jury verdict. See *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41); Code § 38-109. See also *Searcy v. State,* 158 Ga. App. 328 (280 SE2d 161). Unlike the situation in *Kreager v. State,* 148 Ga. App. 548 (252 SE2d 1), where the state's circumstantial evidence failed to exclude the reasonable hypothesis that the child's injuries resulted from something other than criminal acts attributable to the defendant, the possibility in the case sub judice that the child's injuries were not inflicted by defendant is remote. The child's body was covered with bruises. She died as the result of an externally inflicted injury to her liver, which aggravated a previous similar injury only beginning to heal and caused fatal internal blood loss. The evidence authorized the finding that the injuries were inflicted while the child was in defendant's physical custody. There was also evidence that defendant had previously abused her and that he fit the pattern of a child abuser. Upon the aggregate of this evidence, viewed most favorably to the jury verdict, we are convinced that the evidence excluded every other reasonable hypothesis save that of the guilt of defendant.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 19, 1982.

*James H. Whitmer,* for appellant.
*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.