65877. ATLANTIC-CANADIAN CORPORATION v. HAMMER, SILER, GEORGE ASSOCIATES, INC.

SHULMAN, Chief Judge.

Appellee filed suit against appellant in October 1981. The case was called for trial on June 21, 1982, and when appellant failed to appear, judgment was entered for appellee. On August 4, 1982, appellant filed a motion to set aside the June 21 judgment or, in the alternative, for a new trial. That motion was denied by an order entered October 11, 1982. Appellant then filed a notice of appeal on November 3, 1982, specifying as the judgment from which the appeal was taken "the Judgment entered in this action on June 21, 1982."

1. " 'It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' [Cit.]" *Tillman v. Groover,* 25 Ga. App. 118 (1) (102 SE 879).

The timely filing of the notice of appeal is a mandatory prerequisite to the attachment of appellate jurisdiction. *Venable v. Block,* 141 Ga. App. 523 (233 SE2d 878). The fact that appellant claims to have had no notice of the entry of judgment until after 30 days had run does not extend the time for filing a notice of appeal. In

*Cambron v. Canal Ins. Co.,* 246 Ga. 147 (269 SE2d 426), the Supreme Court held that the failure of the trial court to notify counsel of the entry of judgment as required by OCGA § 15-6-21 (c) (Code Ann. § 24-2620) would warrant the grant of a motion to set aside the judgment. The Supreme Court did not hold, however, that a lack of notice of entry of a judgment would extend the time for filing a notice of appeal.

The filing of appellant's motion to set aside was also ineffective as an extender of the time for filing a notice of appeal. *Graves v. American Alloy Steel, Inc.,* 160 Ga. App. 378 (1) (287 SE2d 94); *Dutton v. Dykes,* 159 Ga. App. 48 (2) (283 SE2d 28). A statement to the contrary in *Littlejohn v. Tower Associates Ltd.,* 163 Ga. App. 37, 38 (293 SE2d 33), does not comport with the earlier precedents cited above and need not be followed.

Nor does the portion of the August 4 motion denominated as a motion for new trial aid appellant's cause. If it is considered as an ordinary motion for new trial, it was filed too late to extend the time for filing a notice of appeal. *Smith v. Forrester,* 145 Ga. App. 281 (243 SE2d 575).

Since appellant filed neither a notice of appeal nor one of the motions specified in OCGA § 5-6-38 (Code Ann. § 6-803) within 30 days of the entry of the June 21 judgment, this court has no jurisdiction to review that judgment. *Venable v. Block,* supra.

2. If, as appellant argues it should be, the August 4 motion is treated as an extraordinary motion for new trial, which "institutes an entirely new case" (*Powell v. Weeks,* 54 Ga. App. 468 (188 SE 263)), then appellate jurisdiction has not attached because there is no notice of appeal from the order denying that motion.

Similarly, appellant is not entitled to a review of its motion to set aside the judgment on June 21. The denial of a motion to set aside the judgment is itself appealable. *Johnson v. Barnes,* 237 Ga. 502 (1) (229 SE2d 70). However, no notice of appeal from that judgment has been filed.

In summary, appellant's notice of appeal from the June 21, 1982 judgment was filed too late and appellant failed to file any notice of appeal from the October 11, 1982 order denying its motions. It follows that appellant has failed to invoke appellate jurisdiction to review any portion of this matter.

*Appeal dismissed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 15, 1983 —
REHEARING DENIED JULY 1, 1983

*Jack T. Camp, J. Littleton Glover, Jr.,* for appellant.

*Peter J. Quist, Bruce M. Edenfield,* for appellee.