### 69829. MIMS v. CITIZENS & SOUTHERN BANK.
(331 SE2d 67)

BENHAM, Judge.

Appellee brought suit against appellant on a credit card account. Appellant answered, filed a counterclaim, and later filed a third-party action. Without ruling on any other issues, the trial court granted appellee's motion for summary judgment on its complaint on June 15, 1984. On July 3, 1984, appellant filed a motion to set aside the judgment granting summary judgment. That motion was denied by the trial court on August 24, 1984. This appeal from both judgments adverse to appellant was initiated by a notice of appeal filed September 19, 1984.

1. The notice of appeal was filed more than 30 days after the entry of summary judgment for appellee. A motion to set aside is not a motion which will toll the running of the time for filing a notice of appeal, so the appeal from the grant of summary judgment is untimely and must be dismissed. *Dutton v. Dykes*, 159 Ga. App. 48 (2) (283 SE2d 28) (1981).

2. Since there is a counterclaim and a third-party complaint, this is a multiple claim and multiple party action subject to the provisions of OCGA § 9-11-54 (b). "Absent an express determination that there exists no just cause for delay and an express direction for entry of judgment, any order or other form of decision, however designated, which adjudicates less than all the claims does not terminate the action as to any of the claims. [Cits.] . . . The order [denying the motion to set aside] was 'subject to revision before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties,' and was not a final judgment. [Cit.] Hence, the appeal is premature and must be dismissed." *Davis v. Roper*, 119 Ga. App. 442, 443 (167 SE2d 685) (1969). Since the judgment was not final and there was no compliance with interlocutory procedure, this appeal must be dismissed.

*Appeal dismissed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1985 —

Donna D. Mims, *pro se.*
*Jay L. Strongwater*, for appellee.