A95A1085. GRANGE MUTUAL CASUALTY COMPANY v. RIVERDALE APARTMENTS, LIMITED PARTNERSHIP.
(463 SE2d 46)

BEASLEY, Chief Judge.

Grange Mutual Casualty Company directly appeals from the superior court's denial of its motion, filed in a declaratory judgment action, for a temporary restraining order, interlocutory injunction, and stay of proceedings in another case in another court. In the motion, Grange requested the superior court to enjoin all the parties from prosecuting the other case, a state court action, and to stay those proceedings until the declaratory judgment action declaring Grange's rights and liabilities under certain insurance policies could be concluded. Coverage had been claimed by defendants under Grange insurance policies in the state court action, in which former tenants of an apartment complex sued various parties who had been involved in its construction and management. Although Grange provided those defendants with a defense, it also notified them of its position that there was no coverage pursuant to the terms of the policy.

The superior court held that it had no jurisdiction to stay the

proceedings in the underlying action and denied Grange's motion.

Originally this appeal was directed to the Supreme Court, but it was transferred to this Court on the strength of *Milwaukee Mechanics Ins. Co. v. Davis*, 204 Ga. 67 (48 SE2d 876) (1948). That case held that the statutory provision for incidental and ancillary relief to maintain the status quo until the determination of rights and liabilities is made in an existing controversy, as authorized by what is now OCGA § 9-4-3 (b), is not a provision for equitable relief over which the Supreme Court has jurisdiction under the constitution. See the current version in Ga. Const., Art. VI, Sec. VI, Par. III (2) ("Unless otherwise provided by law . . . All equity cases"). The nature of this appeal is the same as in *Milwaukee Mechanics Ins. Co.*

The first consideration is whether we otherwise have jurisdiction of this appeal, a point illustrated in *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc.*, 167 Ga. App. 257, 258 (1) (306 SE2d 22) (1983). This direct appeal concerns an interlocutory matter because the declaratory judgment action remains pending in the trial court. In fact, the very reason for seeking interim relief is because the plaintiff/appellant fears injury before this suit can be completed. Thus the question is whether the appeal falls within the category listed in OCGA § 5-6-34 (a) (4) or OCGA § 5-6-34 (b). Is the order below one which refuses an interlocutory injunction? If so, a direct appeal lies; if not, an application is necessary.

First, we note that the court did not rule on the request for restraining order or injunction against the parties; it only refused to stay the proceedings in the other case, concluding that it had no jurisdiction to do so. It cited *Nat. Enterprises v. Davis*, 145 Ga. App. 198 (243 SE2d 563) (1978), as authority. It is true that, as quoted in that case, the superior court could not stay the state court action. One court cannot stay proceedings in another court. The reason is that the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bloomfield v. Liggett & Myers, Inc.*, 230 Ga. 484, 485 (198 SE2d 144) (1973). The course of action for insurers in appellant's predicament to take, as set out in *Richmond v. Ga. Farm Bureau &c. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1976), does not authorize a stay of the main case to be imposed by a court other than the one in which it is pending. Although *Nat. Enterprises* also states that relief, if obtainable, is by injunction, there is no ruling on that part of Grange's request for us to review.

The denial of a stay, by its very nature, does not come within the category of cases described in OCGA § 5-6-34 (a) (4). Even where the Declaratory Judgment Act's provision for incidental and ancillary relief of *injunction* is sought and ruled on by the trial court, it probably

would not come within the direct appeal category. In *Whitehead v. Henson*, 222 Ga. 429, 430 (150 SE2d 628) (1966), the court held that when plaintiffs in a declaratory judgment action pray that defendants be temporarily restrained from proceeding until the declaratory judgment is given, "such a prayer is not one for either equitable or extraordinary relief." We do not rule on this issue, however, because it is not before us. *Dietz v. Becker*, 209 Ga. App. 678, 679-680 (3) (434 SE2d 103) (1993). We simply point it out as a natural corollary to the position taken by the Supreme Court in *Milwaukee Mechanics Ins. Co.*, supra, that this was not *"equitable relief* as contemplated by the Constitution in defining the jurisdiction of [that] court." It would be somewhat anomalous to say the intention is otherwise with respect to the procedural statute. The very limited injunctive power authorized by OCGA § 9-4-3 (b) for the sole purpose of temporarily maintaining status quo is not the writ of injunction which equity allows under OCGA § 9-5-1; it is the latter for which direct appeal is afforded in OCGA § 5-6-34 (a) (4).

Be that as it may, the order being appealed simply denied a stay, and thus the interlocutory appeal procedure of OCGA § 5-6-34 (b) applies. The appeal must be dismissed for lack of jurisdiction. *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994).

*Appeal dismissed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1995.

*Mozley, Finlayson & Loggins, William D. Harrison, Lawrence B. Domenico*, for appellant.

*Hendrick, Phillips, Schemm & Salzman, David R. Hendrick, Victoria S. Tobin, Bisbee, Rickertsen & Herzog, William A. DuPre IV, Valente & Strauss, John G. Valente, Carter & Ansley, Elizabeth J. Bondurant*, for appellees.