## A00A0324. GARRARD v. THE STATE.
### (528 SE2d 273)

MCMURRAY, Presiding Judge.

Defendant Joseph R. Garrard was indicted on July 31, 1992, by the Upson County grand jury for two violations of the Georgia Racketeer Influenced & Corrupt Organizations ("RICO") Act, OCGA § 16-14-1 et seq. The indictment alleged defendant engaged in an enterprise involving a pattern of racketeering activity consisting of theft by taking, false statements, and forgery arising out of the sale of timberland. On August 11, 1993, more than a year later, a Newton County grand jury returned its indictment of the defendant in the case sub judice (the "Newton County indictment"), again indicting defendant for violation of the RICO Act in connection with the timberland sales underlying the Upson County indictment. On June 19, 1995, a jury found defendant guilty of one[1] of the RICO violations upon which the defendant had been indicted in Upson County. The Upson County trial court granted defendant's motion for new trial[2] on April 23, 1998, and the retrial is currently pending in Upson County. On pretrial direct appeal, see *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7), defendant contends that the trial court erred in denying his double jeopardy plea in bar, arguing the applicability of OCGA § 16-1-7 (b) (barring successive prosecution) and § 16-1-8 (b) (barring prosecution if the accused was formerly prosecuted), and the denial of his constitutional right to a speedy trial. *Held*:

---

App. 633, 635-636 (3) (469 SE2d 848) (1996); *In re S. D. S.*, 166 Ga. App. 344, 346 (4) (304 SE2d 85) (1983).

[1] The jury did so upon finding the defendant guilty of two predicate acts, theft by taking and false statements and writings.

[2] Defendant filed a notice of appeal of this ruling on June 2, 1998. However, the record on appeal has not yet been forwarded to this court.

Pointing to OCGA § 16-1-7 (b), defendant argues that the Newton County indictment should be dismissed in that it arises from the same conduct upon which the Upson County RICO charges had been based and that the State's attorney responsible for prosecuting the Upson County indictment knew or should have known of all RICO-related violations alleged against defendant at that time but failed to prosecute them. We disagree.

> The procedural aspect of double jeopardy is set forth in OCGA § 16-1-7 (b), which prohibits successive prosecutions if several crimes arising from the same conduct are known to the prosecuting attorney at the time of commencing the prosecution and are within the jurisdiction of a single court. *Blackwell v. State*, 230 Ga. App. 611, 612 (2) (a) (496 SE2d 922) (1998).

*Turner v. State*, 238 Ga. App. 438 (518 SE2d 923).

It is undisputed in the record that the predicate acts supporting the RICO violation alleged by the Newton County indictment were not alleged by the Upson County indictment. There is otherwise no evidence that the Newton County RICO prosecution arose from the same conduct supporting the Upson County RICO charges against defendant. In effect, while the complained-of charges are similar, each requires proof of different facts. Consequently, the trial court did not err in failing to dismiss the indictment in the case sub judice under OCGA § 16-1-7 (b). *Loden v. State*, 199 Ga. App. 683, 688 (4) (406 SE2d 103); see also *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413). In light of the foregoing, we need not analyze defendant's OCGA § 16-1-7 (b) argument as to actual knowledge by the Upson County prosecutor of other offenses arising from the same conduct. See *Turner v. State*, 238 Ga. App. at 439, n. 1, supra.

Neither did the trial court err in failing to dismiss the Newton County indictment under OCGA § 16-1-8 (b) as barred by former prosecution in Upson County. The Upson County trial court's grant of defendant's motion for new trial set aside defendant's conviction without adjudging the defendant not guilty or finding that the evidence did not authorize the verdict, foreclosing any such double jeopardy claim. OCGA § 16-1-8 (d) (2) (prosecution not barred under OCGA § 16-1-8 where, among other things, "[s]ubsequent proceedings resulted in the . . . setting aside . . . of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict"); see *Hooper v. State*, 164 Ga. App. 49-50 (1) (296 SE2d 243). Moreover, the pendency of the Upson County indictment provides no basis upon which defendant's plea in bar may lie as to the Newton County indictment

in this case. *Hobbs v. State*, 229 Ga. 556, 557 (2) (192 SE2d 903) (pendency of former indictment for same offense no ground for plea in bar notwithstanding indictment and plea thereon). Under these circumstances, the prosecution against defendant in the case sub judice is not barred by the prosecution against him in Upson County.

Further, defendant argues that the instant prosecution is "barred" for denial of his constitutional right to a speedy trial. Because defendant has failed to support this enumeration of error with appropriate argument and citation to the record, it is deemed abandoned. Court of Appeals Rule 27 (c) (2), (3) (i); see *Hunter v. State*, 201 Ga. App. 9 (2) (410 SE2d 204); see also *Herndon v. State*, 229 Ga. App. 457 (2) (494 SE2d 262) ("[c]ourt will not cull the record on behalf of a party in search of error").

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 2, 2000 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Larkin M. Lee*, for appellant.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Counsel to Attorney General, Wilson, Morton & Downs, Robert G. Morton, Patrick D. Deering*, for appellee.