# Court of Appeals
# of the State of Georgia

ATLANTA,  May 23, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1643. JAMES C. BARNES et al. v. MATTHEW SCOTT HARKINS et al.

Homeowners Matthew Scott Harkins and Laura X. Harkins ("the Plaintiffs") sued builders James C. Barnes and Nick Stewart ("the Defendants"). The Defendants filed a compound motion seeking an injunction, dismissal of the suit, and summary judgment. The crux of the motion was that the Plaintiffs were barred from pursuing their suit under OCGA § 8-2-38 (m) because they were deemed to have accepted a settlement offer.[1] The trial court denied the motion. Rather than addressing the application of OCGA § 8-2-38, the trial court found that suit was not barred by the statute of limitation.[2]

---

[1] OCGA § 8-2-38 (m) provides:

[a]ny claimant accepting the offer of the contractor to remedy a construction defect shall do so by serving the contractor with a written notice of acceptance within 30 days after receipt of the offer. If no response is served upon the contractor within the 30 day period, then the offer shall be deemed accepted.

The remedy for a plaintiff's failure to comply with OCGA § 8-2-38 is a stay of the proceedings. See OCGA § 8-2-37.

[2] The Defendants designated the record to be transmitted on appeal. It is unclear from the limited material they transmitted how the statute of limitation argument was raised before the trial court.

The Defendants appealed this ruling to the Supreme Court, arguing that a direct appeal was permitted under OCGA § 5-6-34 (a) (4), which pertains to orders granting or refusing to grant requests for interlocutory injunctions. The Supreme Court transferred the appeal to this Court. We, however, lack jurisdiction.

In construing a motion, we look to the substance of the motion rather than its nomenclature. *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997). In substance, the Defendants' motion sought to stay proceedings in order to enforce compliance with OCGA § 8-2-38. The denial of this motion does not constitute the denial of an application for injunctive relief as contemplated by OCGA § 5-6-34 (a) (4) for purposes of seeking a direct appeal. See *Grange Mut. Cas. Co. v. Riverdale Apartments, Ltd. Partnership*, 218 Ga. App. 685, 686 (463 SE2d 46) (1995) ("The denial of a stay, by its very nature, does not come within the category of cases described in OCGA § 5-6-34 (a) (4)."). Accordingly, in order to appeal, the Defendants were required to comply with the interlocutory appeal procedure. See id. Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __05/23/2017__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

, *Clerk.*