# Court of Appeals
# of the State of Georgia

ATLANTA, __October 16, 2017__

*The Court of Appeals hereby passes the following order:*

## A18D0111. YELLOWSTONE, LLC v. MARK THOMPSON et al.

In the trial court, Yellowstone, LLC filed a motion to intervene in this civil action and to stay discovery or other litigation until a decision is issued in a related appeal currently pending before this Court, *Yellowstone LLC v. Mark A. Thompson et al.*, Case No. A17A1235. The trial court granted Yellowstone's motion to intervene, but denied its request to stay the proceedings. The trial court also explicitly declined to issue a certificate of immediate review. Yellowstone has filed an application for discretionary review in this Court, seeking to appeal the denial of its motion to stay.[1] We lack jurisdiction.

The order that Yellowstone seeks to appeal is a non-final order, leaving the case pending before the trial court. See *Grange Mut. Cas. Co. v. Riverdale Apartments, L.P.*, 218 Ga. App. 685, 686-687 (463 SE2d 46) (1995) (trial court's order denying a motion to stay was interlocutory, as the action remained pending before the trial court). Consequently, Yellowstone was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Yellowstone's failure

---

[1] According to Yellowstone, it also has filed a notice of direct appeal from the denial of its motion to stay. That appeal has not yet been docketed in this Court.

to do so deprives us of jurisdiction over this application.[2]  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

To the extent that Yellowstone seeks review of the trial court's denial of a certificate of immediate review, that is not an appealable ruling.  See *Price v. State*, 237 Ga. 352, 352-353 (2) (227 SE2d 368) (1976).  Absent a timely certificate of immediate review, we lack jurisdiction over this application, which is hereby DISMISSED.  See *Bailey*, 266 Ga. at 833; *Boyd*, 191 Ga. App. at 435.



Court of Appeals of the State of Georgia
      Clerk's Office, Atlanta, __10/16/2017_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[2] Contrary to Yellowstone's argument, an order denying a request to stay the trial court proceedings does not constitute injunctive relief for which a direct appeal may lie under OCGA § 5-6-34 (a) (4) or for which a discretionary appeal may lie under OCGA § 5-6-35 (a) (9).  See, e.g., *McAllaster v. Merrill Lynch, Pierce, Fenner & Smith*, 212 Ga. App. 697, 697-698 (443 SE2d 9) (1994) (an order granting a motion to compel arbitration and staying the trial court proceedings is not equitable in nature, but rather "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (punctuation omitted); accord *Grange Mut. Cas. Co.*, 218 Ga. App. at 686-687.