# Court of Appeals
# of the State of Georgia

ATLANTA,  June 07, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0462.  SHARON BUSH ELLISON v. THE STATE.

In the trial court, Sharon Bush Ellison filed a motion to stay proceedings based on her claim that the case should be removed to federal court.  The trial court denied the motion and also declined to issue a certificate of immediate review.  Ellison has filed an application for discretionary review in this Court,[1] seeking to appeal the denial of her motion to stay.  We, however, lack jurisdiction.

The order that Ellison seeks to appeal is a non-final order, leaving the case pending before the trial court.  See *Grange Mut. Cas. Co. v. Riverdale Apartments, L.P.*, 218 Ga. App. 685, 686-687 (463 SE2d 46) (1995) (trial court's order denying a motion to stay was interlocutory, as the action remained pending before the trial court).  Consequently, Ellison was required to use the interlocutory appeal procedures to obtain appellate review.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).  Ellison's failure to do so deprives us of jurisdiction over this application.  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

Additionally, Ellison failed to include a stamped "filed" copy of the trial court's order as required by Court of Appeals Rule 31 (c).  Without such a copy of the order, we cannot ascertain if the application was filed within 30 days of the day it was entered by the trial court clerk, which is a jurisdictional prerequisite.  See OCGA § 5-6-35 (d); *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).

---

[1] Ellison, pro se, titled her application as one for interlocutory review.  We construed her application as an application for discretionary review because she failed to include a certificate of immediate review with her application.

Finally, to the extent Ellison's application should be construed as an application for interlocutory review, Ellison's failure to obtain a certificate of immediate review from the trial court deprives us of jurisdiction over this application. See *Bailey*, 266 Ga. at 832-833. Thus, absent a timely certificate of immediate review, we lack jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833; *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta, 06/07/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*