# Court of Appeals
# of the State of Georgia

ATLANTA,  July 13, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1519. RICHARD C. BARNES v. DIAMOND SOUTH CONSTRUCTION, LLC.

Richard C. Barnes filed an action against Diamond South Construction, LLC ("Diamond South") in connection with a construction contract. Diamond South filed a compound motion to stay proceedings pursuant to OCGA § 8-2-37, to compel arbitration, and for attorney fees pursuant to OCGA § 9-15-14. The trial court granted the motion in all three respects. Barnes filed this direct appeal from the trial court's order. Diamond South moved to dismiss the appeal, arguing that the trial court's order does not constitute a final judgment and is not directly appealable. Because we agree that this Court lacks jurisdiction, we grant the motion and dismiss the appeal.

> The grant of an application to compel arbitration is not directly appealable pursuant to OCGA § 5-6-34 (a) (4), but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b). A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court.

*Goshayeshi v. Mehrabian*, 232 Ga. App. 81, 82 (502 SE2d 265) (1998) (citations and punctuation omitted). Thus, Barnes was required to follow the interlocutory application procedure to appeal the ruling on the motion to compel arbitration. See id.; *Austin Regional Home Care, Inc. v. Careminders Home Care, Inc.*, 344 Ga. App. 608, 608-609 (810 SE2d 676) (2018).

Likewise, the grant of a motion to stay proceedings pursuant to OCGA § 8-2-37

in order to enforce compliance with OCGA § 8-2-38 was not a final judgment and does not come within the category of cases subject to direct appeal. See generally *Grange Mut. Cas. Co. v. Riverdale Apartments, Ltd. Partnership*, 218 Ga. App. 685, 686 (463 SE2d 46) (1995). The trial court did not dismiss Barnes's lawsuit or issue a final judgment in the case; the case remains pending below. Thus, Barnes was required to follow the interlocutory application procedure to obtain appellate review of the order granting the motion to stay. See id.; *Austin Regional Home Care, Inc.*, 344 Ga. App. at 609.

The same is true of the attorney fee award. Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or litigation expenses under OCGA § 9-15-14. See OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below and the order is a non-final order that does not resolve all issues in the action, the appellant is required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to challenge the fee award. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (party seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute). Barnes was therefore required to follow the interlocutory appeal procedure regarding the attorney fee award.

Barnes's failure to comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b) applicable to each of the three rulings at issue deprives this Court of jurisdiction over the appeal. Accordingly, Diamond South's motion to dismiss is hereby GRANTED and the appeal is DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/13/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*