## 58029. YARBROUGH v. THE STATE.

BIRDSONG, Judge.

Render Lee Yarbrough was convicted by jury of the sale of a narcotic drug and sentenced to serve ten years. He brings this appeal enumerating three errors asserting that the evidence does not support the findings, that the

trial court erred in refusing to hold a suppression hearing outside the presence of the jury, and that the sentence is excessive. *Held:*

1. The evidence was in conflict. The evidence by the state showed without question that a sale occurred and that Yarbrough was the seller. If Yarbrough was believed, he had an innocent explanation for the transaction. The principal defense by Yarbrough was that the state's case rested upon the word of a convicted murderer and therefore lacked credibility.

On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). There is ample support for the verdict and judgment in this case.

2. Though we agree that it was procedural error for the trial court to deny the appellant a hearing upon his motion to suppress outside the presence of the jury (Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-313 (b)), when the seized evidence was offered by the state, there was no objection made to its admission. By this action appellant waived any objection which might have been urged, including those contained in the written motion to suppress. It is well settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. *Sisson v. State,* 141 Ga. App. 559 (1) (234 SE2d 146); *Carter v. State,* 137 Ga. App. 823 (225 SE2d 64); *Childers v. State,* 130 Ga. App. 555, 556 (203 SE2d 874). Appellant does not urge that the ultimate denial of his motion to suppress was error, only that the procedural denial of a hearing outside the presence of the jury was error. An examination of the transcript shows that the seizure was the product of a lawful arrest based upon probable cause, thus the admission of the fruits of the search was proper. *Glover v. State,* 139 Ga. App. 162, 165 (227 SE2d 921). We find this enumeration to be without merit, primarily because the

appellant has failed to demonstrate any harm or prejudice. See *Robinson v. State,* 229 Ga. 14 (189 SE2d 53).

3. The sentence in this case was less than that authorized by the applicable statute. This court is not empowered to modify a sentence which is within the statutory limits and lawfully imposed. This enumeration is without merit. *Thomas v. State,* 139 Ga. App. 364 (228 SE2d 386); *McCullough v. State,* 11 Ga. App. 612, 618 (6) (76 SE 393).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JUNE 12, 1979 — DECIDED SEPTEMBER 12, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Allison W. Davidson,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.