63597. SAMS v. THE STATE.

McMURRAY, Presiding Judge.
   Defendant was charged with the offense of simple battery occurring February 9, 1981. On February 10, 1981, he appeared in the Atlanta Municipal Court, waived hearing and the case was bound over to the Fulton County State Court. An accusation was prepared on March 4, 1981, and on "6/4/81" he entered an arraignment plea of not guilty and waiver of trial by jury without an attorney and at that time apparently did not request that counsel be appointed because of indigency and inability to employ counsel of his own choosing; nor did he show that he had retained counsel or would retain counsel.
   On September 24, 1981, at a bench trial the accusation charging him with the offense of simple battery was called, at which time the defendant requested the court to appoint him an attorney or allow him time to retain an attorney. At that time there was a possibility that the maximum fine would be $1,000 and/or a year in jail. It appears that the court inquired of the solicitor as to whether if a conviction was obtained the state would ask for time. Thereupon the solicitor stated the state would not ask for any time.
   The case proceeded to trial; the defendant was found guilty and sentenced to pay a fine of $150 and be confined for a term of 12 months provided that the confinement be probated on the conditions set out in the order of probation and to pay the fine within the first month of probation. Defendant was not represented by counsel nor was the case reported.
   Defendant then retained counsel and filed a motion for new trial, having an affidavit attached thereto disclosing the substance of his arrest, trial and conviction. It appears therefrom that the defendant at that time was on probation and after his conviction here he was placed on "hold," for a probation violation. On October 22,

1981, his motion for new trial came on for a hearing and much of the above facts appear from a transcript of that hearing. The motion for new trial was denied, and defendant appeals. *Held:*

1. While the defendant was deprived of his liberty for the violation of another probated sentence, the record here does not disclose that he was deprived of liberty by reason of this misdemeanor conviction. The trial court complied with Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530), which requires that in misdemeanor proceedings when the accused is faced with the possibility of imprisonment that counsel must be afforded him. Here the defendant testified (on motion for new trial) that the court expressly stated that he did not need an attorney by reason of the fact that if convicted only a fine would be imposed upon him, and if it should appear that he "would go to jail . . . she would stop and appoint me an attorney, or allow me time to retain an attorney." The court then expressly confirmed there "would be no jail time . . . nor would there be a fine of $1,000 . . . in the event [he] were convicted," and the fine was $150. This case is, therefore, controlled adversely to the defendant by *Johnston v. State,* 236 Ga. 370, 372 (223 SE2d 808), in which our Supreme Court has applied Argersinger v. Hamlin, supra. This ruling disposes of the various enumerations of error which do not require a review of the evidence, there being no transcript of evidence and proceedings at the trial prepared in accordance with Code Ann. § 6-805 (g) (Ga. L. 1965, pp. 18, 24) where the trial was not reported.

2. Construing the brevity of the situation to be such that the defendant had moved for a continuance in order to hire an attorney the defendant has failed to show he used reasonable diligence in order to hire an attorney prior to the date of trial, there being considerable time (more than seven months) between his arrest and trial here. See Code §§ 81-1413, 81-1416; *Gunn v. Gunn,* 95 Ga. 439 (1), 442 (22 SE 552); *McLendon v. State,* 123 Ga. App. 290 (2), 295-297 (180 SE2d 567), and cases cited.

3. In the absence of the transcript of the proceedings below we are unable to review the remaining enumerations of error with reference to the occurrences at the trial, the transcript of the motion for new trial hearing only supplying admissions by the state and the court as to what occurred. The trial court's statement on the hearing on motion for new trial does not constitute a transcript of the proceedings. See *Frasier v. State,* 160 Ga. App. 812 (287 SE2d 669).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 14, 1982.

*Lynn H. Whatley,* for appellant.
*Hinson McAuliffe, Solicitor, Thomas Weathers, Paul C. McCommon III, Assistant Solicitors,* for appellee.