## 64904. PRUITT v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction and sentence in a bench trial for battery.

Evidence at trial pertinent to the enumerations was as follows: defendant and the victim, Aida Calfee, had been going together for approximately two and a half years and terminated their relationship

on July 6, 1981. Defendant had had for sometime dinner reservations for July 12 at Nikolai's Roof, an Atlanta restaurant, which Calfee had expected to attend with defendant before they ended their relationship. On July 11, at Calfee's request defendant tried without success to arrange for her to go with his dinner party with someone else as a date, defendant having arranged to take another woman and another couple. On July 12, Calfee called defendant's apartment several times, finally reaching defendant who was preparing to take his guests to the restaurant, and said she wanted to come to his apartment to speak to him in person. Defendant said he did not have the time to speak to her and did not want her to come to his apartment. After defendant's dinner guests arrived at his apartment Calfee began a persistent loud knocking on the apartment door. Defendant was called to the door by his brother and prevented Calfee from entering to talk to him, going outside instead to talk on the stair landing. In the next 3 to 5 minutes raised voices, commotion, and screams were heard by the persons in defendant's apartment and the next two apartments below his, all of which shared a common exterior stairway in the 3-story building. One witness in defendant's apartment looked out a window and saw defendant and Calfee scuffling in front of the apartment door, with Calfee striking at defendant apparently trying to get into the apartment and defendant trying to keep her back. Two witnesses in the apartment below heard screams and noises. They looked through a door peephole and one saw defendant and Calfee "slinging each other around." The other saw Calfee in a crouched position with defendant standing. A witness in the bottom apartment upon hearing the screams came out on the stairway and looked up to the next landing where she saw defendant, who was holding Calfee with his tie around her neck, strike Calfee in the face with his hand. She then called the police. Calfee was not available to testify having been reported as a missing person in October. Defendant testified that when he went outside his apartment to talk with Calfee, he tried to keep her from going in and when he tried twice to go back in she grabbed his arm each time and restrained him. Calfee was upset and talking loud. Defendant suggested that they go down to the parking lot and talk and they started down the stairs with Calfee leading. Defendant then said he was going back in the apartment and Calfee grabbed his arm with both hands and pulled him downwards. He pulled away and Calfee fell down a few steps to the landing in front of the apartment below. He went down to help her up and she started hitting and kicking at him. He fended her off. She grabbed his necktie and twisted it, choking him. He pulled her hands off and looped his tie around her neck to scare her. They struggled some more and she kicked

defendant in the testicles. Whereupon he slapped her hard in the face with his hand, the only time that he struck her. Calfee walked out in the parking lot screaming and defendant returned to his apartment, leaving a few minutes thereafter with his guests to go to the restaurant. *Held:*

1. The first enumeration of error alleges that the trial court improperly admitted expert testimony of the battered woman syndrome.

The court apparently relied on *Smith v. State,* 247 Ga. 612 (277 SE2d 678), where it was held that it was error to refuse to admit expert testimony on the battered woman syndrome to assist the jury in evaluating a female defendant's defense of self defense in her prosecution for murdering her live-in-boyfriend.

The facts of the instant case are distinguishable as there is no woman defendant asserting the defense of self defense, nor any evidence that Calfee was a battered woman. The admission of this evidence was therefore error as it was irrelevant to the issues in the case. The error was harmless, however, because " '[e]ven if the testimony had been objectionable, since the judge was acting as both judge and jury, it must be presumed that he "has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent," unless from the judgment itself it appears that consideration was given to testimony that should have been excluded. [Cits.]' [Cit.]" *Bunn v. State,* 144 Ga. App. 879 (2), 880 (243 SE2d 105). It does not appear that the trial court gave any consideration to this testimony in this case.

2. The second enumeration complains of the admission of the statements of Calfee made to several witnesses in the 30 minutes following the altercation, because the statements were hearsay which related an apparent prior offense by defendant, that the statements were not part of the res gestae and were self serving, and that Code Ann. § 38-302 was misapplied as to statements made to a police officer.

Since many of the statements were made within a short period of time after the offense and while Calfee was still very upset, they were properly admissible as part of the res gestae. *Zilinmon v. State,* 234 Ga. 535 (2) (216 SE2d 830); *Salleywhite v. State,* 133 Ga. App. 170 (1) (210 SE2d 334). The statement that defendant had once broken Calfee's wrist was also admissible as part of the res gestae even though it indicated a possible prior similar offense. *Spurlin v. State,* 228 Ga. 2 (4) (183 SE2d 765).

Some of the statements made to the police officer were also part of the res gestae as he heard them within 30 minutes after the incident along with some of the other witnesses. However, other statements to

the police officer were not admissible under Code Ann. § 38-302 to explain conduct as the officer took no action after hearing the remarks, and thus were irrelevant hearsay. See *Momon v. State,* 249 Ga. 865 (294 SE2d 482).

Although some of the statements may have been improperly admitted, we find any error harmless on the same basis as found in the foregoing division.

3. The trial court did not err in denying a motion for mistrial made on the ground that prejudicial testimony of publicity concerning the defendant and the victim's disappearance was admitted. Since this testimony was initially brought out by defendant's cross-examination of a state's witness there was no error. *Key v. State,* 147 Ga. App. 800 (5) (250 SE2d 527).

4. The trial court did not err in denying motions for a directed verdict and a new trial made on grounds of insufficiency of evidence. We find the evidence sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

5. After presenting strong mitigating evidence, defendant was sentenced to pay a fine of $1000 and to be confined for 12 months, with 45 days to serve and the remainder on probation. Contrary to defendant's contention the sentence is not excessive or contrary to the evidence and the principles of law and equity. Because the sentence was within the limits authorized by law and was lawfully imposed, this court is not authorized to modify it. *Yarbrough v. State,* 151 Ga. App. 474 (3) (260 SE2d 369).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 2, 1982.

*Peter J. Anderson, David C. Jensen, R. Hal Meeks, Jr.,* for appellant.

*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.