67226, 67227, 67228. O'NEAL v. THE STATE.

BANKE, Judge.

Appellant, acting pro se, was convicted in a bench trial on misdemeanor charges of driving under the influence, striking a fixed object, and driving too fast for conditions. As to each charge a document purporting to bear appellant's signature was executed, in which he waived arraignment, a list of witnesses, benefit of counsel, and a copy of the accusation, and in which he entered a plea of not guilty. The lower court proceedings were not recorded or transcribed. Appellant was sentenced to 12 months confinement (probated) on each charge and fined $500 for driving under the influence and $150 each for the other two offenses. All three offenses were tried in one proceeding; but three separate appeals were filed, each enumerating the same errors. The first four enumerated errors pertain to lack of a knowing waiver of counsel, lack of a knowing waiver as to trial by jury, the holding of a mass arraignment, and the sufficiency of the evidence. The appellant further contends that his sentences were disproportionate to those received by a co-defendant. *Held:*

1. Whether or not a misdemeanor case is recorded or transcribed is a matter within the discretion of the trial court. OCGA § 5-6-41 (b) (Code Ann. § 6-805); *Williams v. State,* 140 Ga. App. 87 (230 SE2d 94) (1976). However, any party may have the case reported at his own expense. OCGA § 5-6-41 (j) (Code Ann. § 6-805). If the trial court, in its discretion, does not direct the preparation of a transcript and neither party requests it, there is no requirement that the case be transcribed. *Frasier v. State,* 160 Ga. App. 812 (1) (287 SE2d 669) (1982); *Williams,* supra. If a transcript is not available, one may be prepared from recollection pursuant to OCGA § 5-6-41 (g) (Code Ann. § 6-805), or, in lieu of sending up a transcript, the parties may file a stipulation of the case pursuant to OCGA § 5-6-41 (i) (Code Ann. § 6-805).

In the instant case there is no indication that appellant requested a transcript or resorted to any alternative statutory means of preparing one. In the absence of a transcript, this court is unable to review any of the first four enumerations of error. See *Sams v. State,* 162 Ga. App. 118 (3) (290 SE2d 321) (1982). We must instead presume that the trial court followed proper procedures as to all issues. Accord *Attwell v. Heritage Bank Mt. Pleasant,* 161 Ga. App. 193 (2) (291 SE2d 28) (1982); *Smith v. State,* 160 Ga. App. 26 (1) (285 SE2d 749) (1981).

2. The sentences do not exceed the statutory limits, and this court is not empowered to modify sentences which are lawfully imposed and within the statutory limits. See *Pruitt v. State,* 164 Ga. App. 247 (5) (296 SE2d 795) (1982); *Yarbrough v. State,* 151 Ga. App. 474 (3) (260 SE2d 369) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 28, 1983 —
REHEARING DENIED NOVEMBER 16, 1983 — 

*Lillian L. Neal,* for appellant.

*William E. Frey,* Solicitor, *John Carbo III,* Assistant Solicitor, for appellee.