### S01A0112. BATTLES v. THE STATE.
(543 SE2d 724)

CARLEY, Justice.

A jury found appellant Joseph Battles guilty of felony murder while in the commission of aggravated assault against Eric Williams, and the trial court sentenced him to life imprisonment. On direct appeal, this Court affirmed the conviction and sentence. *Battles v. State*, 262 Ga. 415 (420 SE2d 303) (1992). However, we subsequently held that Battles was entitled to habeas corpus relief based upon his claim of ineffective assistance of counsel. *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998). At retrial, the jury again found appellant guilty of felony murder, and the trial court again imposed a sentence of life imprisonment. He appeals, enumerating as error only the general grounds.

1. The homicide occurred at a nightclub, shortly after a brief altercation in which, according to Battles, Williams kicked him and then walked away. The apparent source of the friction between the

two was the victim's relationship with appellant's common law wife, from whom he was separated. An eyewitness testified that, while speaking with Williams, he saw Battles approach from behind and strike the victim in the head with a gun. After this assault on Williams, appellant fled. Expert testimony established that the victim died as the result of the blow to his head. Battles consistently admitted that he hit Williams, though there was some discrepancy whether he used a gun or a wrench. Appellant only denied the intent to kill, claiming that he was angry and merely wished to hurt the victim. This evidence is sufficient to authorize a rational trier of fact to find Battles guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Battles v. State*, supra at 416 (1).

2. Appellant enumerates separately the denial of a motion for a directed verdict of acquittal. A trial court is authorized to grant such a motion only when all of the reasonable deductions and inferences arising from the undisputed evidence demand a finding that the accused is not guilty. OCGA § 17-9-1 (a). As discussed in Division 1, the evidence of Battles' guilt is sufficient. Therefore, the trial court correctly denied his motion for a directed verdict of acquittal.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*William R. Folsom*, for appellant.

*J. David Miller, District Attorney, Marsha G. Boniface, Lori A. Huff, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.