S02A0675. CLARK v. THE STATE.
(564 SE2d 191)

THOMPSON, Justice.

Areguss Anton Clark was convicted by a jury of malice murder, and numerous other crimes stemming from the shooting death of Marcus Jester, and a crime spree which ensued.[1] On appeal, Clark

---

[1] The crimes took place on November 10, 1997. Clark was charged in a twenty-count indictment with malice murder, felony murder, kidnapping with bodily injury, aggravated battery (three counts), aggravated assault (eight counts), motor vehicle hijacking (two counts), theft by taking a motor vehicle, burglary, and possession of a firearm by a convicted felon (two counts). The State filed notice of intent to seek the death penalty. The guilt-innocence phase commenced on September 13, 1999, and on September 23, 1999, a jury found Clark guilty of malice murder, kidnapping with bodily injury, aggravated battery, aggravated assault (three counts), motor vehicle hijacking (two counts), and theft by taking a motor vehicle. Clark pled guilty to two counts of possession of a firearm by a convicted felon. On September 24, 1999, the jury found the existence of three statutory aggravating circumstances, and recommended that Clark be sentenced to life without parole. On September 24, 1999, the trial court sentenced Clark to life without parole for malice murder, a consecutive sentence of life imprisonment for kidnapping with bodily injury, and consecutive terms of years for the remaining offenses. A motion for new trial was filed on October 11, 1999, and was denied on November 8, 2001. A timely notice of appeal was filed on December 7, 2001. The case was docketed in this Court on January 17, 2002, and was submitted for a

challenges an aspect of the jury instruction, and asserts that a verdict of acquittal should have been directed with respect to a charge of aggravated assault on Dwight Harris. Finding no error, we affirm.

Clark got into an argument with his girlfriend, Benita Michelle Jester, during which she sustained a large bump to her head. The next day, Benita's father, Marcus Jester, and her grandfather, Walter Jester, took her to the hospital for treatment. While she was being treated in the emergency room, Clark came in armed with a pistol and a rifle, and he grabbed Benita in an effort to make her leave the hospital. A scuffle ensued in which Clark shot and killed Marcus, shot Benita in the head rendering her a quadriplegic, and fired a shot at Walter, which missed.

Clark fled from the hospital and sped away in a car. He was armed with a .380 semi-automatic pistol and an SKS assault rifle. While driving from the hospital, he collided with another vehicle driven by Nechole Catlin. When neighborhood residents came to render assistance, Clark fired gunshots at the group, hitting Dwight Harris in the leg. Clark then returned to Catlin's car, held a gun to her head, and stole her automobile.

While driving away in Catlin's car, Clark had yet another accident, this time colliding with a car driven by Wendell Jefferson. As Jefferson got out of his car, Clark pointed a gun at him. Jefferson relinquished his car and Clark drove away in it.

1. The trial court correctly denied a motion for a directed verdict of acquittal as to the aggravated assault on Dwight Harris. Although Harris was unable to identify his assailant, other eyewitnesses positively identified Clark as the perpetrator. Under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for any rational trier of fact to have found Clark guilty beyond a reasonable doubt of aggravated assault on Harris. The same standard applies in reviewing the denial of a motion for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

2. Although not enumerated as error, we also conclude that the evidence supporting the remaining offenses satisfied the requirements of *Jackson v. Virginia*.

3. Clark submits that in the penalty phase the trial court improperly emphasized its charge on aggravating circumstances without addressing mitigating circumstances. In considering the charge as a whole, the jury was properly instructed of the function of mitigating circumstances, its duty to consider them, and that it did not have to find the existence of mitigating circumstances in order to

decision on briefs on March 11, 2002.

impose a sentence of life. The court is not required to identify mitigating circumstances offered by the defendant. *Carruthers v. State,* 272 Ga. 306 (528 SE2d 217) (2000). However, it must give the jury a list of the statutory aggravating circumstances authorized by the evidence. OCGA § 17-10-30 (c). The court discharged its duty in this regard.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 2002.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.