A04A0919. RIVERS v. THE STATE.
(607 SE2d 144)

MIKELL, Judge.

A Fulton County jury convicted Michael Rivers of possession of cocaine with intent to distribute, in violation of OCGA § 16-13-30 (b). Rivers was sentenced as a recidivist to 30 years to be served in prison. On appeal, Rivers argues that the prosecution was barred by double jeopardy, that the trial judge lacked authority to preside over the trial, and that his trial counsel was ineffective. For the reasons discussed below, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict.[1] We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[2] "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] So viewed, the evidence shows that at approximately 12:30 p.m. on April 15, 2000, Sina Polk advised Officer H. N. Davidson of the Atlanta Police Department that she had been assaulted by Rivers, her boyfriend. Officer Davidson testified that he observed several bruises and contusions on Polk. Polk requested that Officer Davidson accompany

---

[1] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] (Footnote omitted.) *Christopher v. State*, 262 Ga. App. 257 (585 SE2d 107) (2003).

her to Rivers' home at 850 Fulton Terrace to retrieve her personal belongings and indicated that she wished to press charges against Rivers. Officer Davidson and another officer escorted Polk to the residence.

Upon arriving at the apartment, the officers found Rivers and arrested him in connection with Polk's allegations of domestic violence. Officer Davidson searched Rivers and found $1,598 in cash on his person, the majority of which was in small denominations, which made the officer suspect that Rivers was involved in drug activity. Simultaneously, Sergeant John Demmitt was photographing Polk's injuries. He asked Polk if Rivers was involved with drugs, and she responded that Rivers had hidden drugs in the bushes in the yard.

Sergeant Demmitt called Officer R. D. Miller from the canine unit. A drug dog alerted in the area that Polk had identified, and Sergeant Demmitt recovered a black bag that contained several smaller plastic bags of crack cocaine. The black bag also contained several empty smaller plastic bags and razor blades. Sergeant Demmitt testified that the contents of the black bag weighed 29.8 grams. Rivers was indicted for trafficking in cocaine, possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. However, his trial proceeded only on the possession of cocaine with intent to distribute charge.

1. In his first enumeration of error, Rivers argues that the prosecution was barred by double jeopardy because the April 15, 2000 incident was introduced as similar transaction evidence in an earlier trial. We disagree.

On November 17, 2000, Rivers was indicted (Indictment No. 00SC13309) on charges of trafficking in cocaine, possession of cocaine with intent to distribute, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with an incident that occurred on July 28, 2000. The trial on Indictment No. 00SC13309 proceeded on the drug charges on August 19, 2002, before the trial in the instant case on Indictment No. 00SC10923, which began on September 9, 2002. During the trial, the state introduced the testimony from Officer Davidson and Polk regarding the facts of the April 15, 2000 incident as similar transaction evidence.

During its deliberations, the jury sent a note, stating: "Judge, this jury is clearly divided on the question of whether our verdict is necessarily limited to the events of July the 28th only or whether we should more properly consider events over the entire history of this case." In response thereto, the judge re-charged the jury on the limited purpose of similar transaction evidence and also charged that "[w]here the date alleged in the indictment or accusation is not a

material element of the offense, the state may prove the offense as of any date within the statute of limitations. Prosecution for felonies must be commenced within four years after the commission of the crime." Defense counsel objected on the grounds that by re-charging the jury on only those two instructions, the court misled the jurors to believe that they could use the similar transaction evidence as substantive evidence of trafficking. Rivers argues that because the general verdicts returned on Indictment No. 00SC13309 did not specify the evidence or date the jury relied on to reach its guilty verdict, it could have relied upon evidence pertaining to the April 15, 2000 possession. Therefore, he maintains that the state was barred from prosecuting the April 15, 2000 incident as a separate offense.

We have held that

[a]n indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the period of limitation, including the date(s) alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period.[4]

However, the issue of whether Rivers could be prosecuted separately on the April 15 incident is premature here because the trial court granted a new trial in Case No. 00SC13309.[5] "The grant of a new trial eliminates everything which is pending in the old trial. When a new trial is granted, the effect is to set aside all proceedings in the old trial. Where a new trial has been granted, the case stands ready for trial as if there had been no trial."[6] Therefore, even if we assume that the jury in Case No. 00SC13309 considered the April 15 incident in arriving at its decision to convict Rivers, that conviction is no longer valid. A prosecution is not barred under the double jeopardy statute when

---

[4] (Citation and punctuation omitted.) *Nolton v. State*, 196 Ga. App. 690-691 (1) (396 SE2d 605) (1990).

[5] Though the record does not contain the reason for the grant of the new trial in Case No. 00SC13309, we presume that the trial court followed the law when it granted Rivers' motion. See *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995); *O'Neal v. State*, 168 Ga. App. 869, 870 (1) (310 SE2d 751) (1983).

[6] (Citations and punctuation omitted.) *Bankhead v. State*, 253 Ga. App. 214, 215 (1) (558 SE2d 407) (2001).

subsequent proceedings result in the invalidation of the conviction.[7]

2. Rivers argued in his hearing on the motion for new trial that the trial judge, who was a senior judge, lacked authority to preside over the trial because his appointment was for five consecutive two-month terms, which violated the Georgia Constitution. "This claim was waived by the failure to raise it until the motion for new trial."[8] Even if the claim had not been waived, however, OCGA § 15-1-9.1 (b) (2) authorizes the chief judge of any court to make a written request for assistance from a senior judge in the same county. Furthermore, intra-county designation orders do not need to be limited in duration.[9]

3. In his last enumeration of error, Rivers argues that his trial counsel was ineffective because he failed to file a plea in bar, to object to the trial judge's appointment, and to move to suppress the search of Rivers' yard and the cocaine found during the search. At the hearing on the motion for new trial, however, the only argument Rivers asserted was that pertaining to the trial judge's authority to preside over his trial. Rivers did not present any argument on his claim of ineffectiveness. In fact, he specifically waived the evidentiary hearing on his claim for ineffectiveness, choosing instead to rely on his brief. Thus, he did not call his trial counsel to testify or present any other evidence. Consequently, there is no transcript regarding the ineffectiveness claim. In the absence thereof, "we must presume that the trial court was authorized to find that [Rivers] failed to carry his burden to show that he received ineffective assistance of counsel."[10]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 9, 2004 —
RECONSIDERATION DENIED NOVEMBER 29, 2004 — 

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[7] See OCGA § 16-1-8 (d) (2). See also *Garrard v. State*, 242 Ga. App. 189, 190 (528 SE2d 273) (2000) (double jeopardy claim properly denied where grant of motion for new trial set aside conviction without adjudging the defendant not guilty or finding the evidence did not authorize the verdict); *Daniels v. State*, 165 Ga. App. 397, 398 (1) (299 SE2d 746) (1983) (where reversal was based on trial error, double jeopardy did not prevent retrial).

[8] (Citation omitted.) *Hurst v. State*, 260 Ga. App. 708, 709 (2) (580 SE2d 666) (2003).

[9] See *Salgado v. State*, 268 Ga. App. 18, 21 (1) (601 SE2d 417) (2004).

[10] (Footnote omitted.) *Wade v. State*, 274 Ga. 791, 793 (6) (560 SE2d 14) (2002).