A07A2482. WARREN v. THE STATE.
(657 SE2d 533)

MILLER, Judge.

In a bifurcated trial, a Cobb County jury found Kenneth Lee Warren guilty of aggravated assault, and, following a waiver of his right to a jury trial, the trial court found Warren guilty of two counts of possession of a firearm by a convicted felon. Warren appeals from the trial court's order denying his motion for a new trial, claiming (i) that the State failed to prove his previous Minnesota conviction was a felony; (ii) that, in violation of his State and federal constitutional right to due process, the application of OCGA § 16-11-131 failed to provide him fair notice that his possession of a firearm was criminal; (iii) that the State failed to show he was in possession of the firearm located at his residence or that such firearm was different from the one used in the aggravated assault; and (iv) that the trial court erred in admitting certain evidence over objection, in charging the jury, and in allowing the testimony of two witnesses in light of the State's failure to provide Warren with evidence of their criminal convictions

before trial. Warren also contends that he received ineffective assistance of counsel. For the reasons that follow, we disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on January 31, 2004, a mechanic was working on Darryl Hobbs' car at the Boston Homes apartments in Cobb County. Several people, including Warren, gathered in the area to socialize. After Warren questioned the mechanic's ability to fix the car, the two men exchanged words. The conflict escalated, and after Warren and the mechanic began throwing punches, Leroy Castle stepped in and broke up the fight.

Several hours later, Warren confronted Castle outside of Hobbs' residence. Warren was upset that Castle had not taken his side in his altercation with the mechanic. Warren pulled a black handgun out of his jacket pocket and shot Castle in the abdomen before leaving the scene. Castle, who was unarmed, hid behind a car and lost consciousness.

Police recovered three shell casings from a .380 semi-automatic pistol at the crime scene. During a subsequent search of Warren's home, police found a silver handgun in the closet of the master bedroom, but they were unable to find a .380 pistol. Warren had been previously convicted in Minnesota of two counts of assault in the third degree, each of which carried a penalty of up to three years in prison.

1. Warren claims that the State failed to prove that his prior Minnesota conviction was a felony for purposes of OCGA § 16-11-131, and that the trial court therefore erred in denying his motion for a directed verdict of acquittal on the two counts of possession of a firearm by a convicted felon. We disagree.

OCGA § 16-11-131 (b) provides that "[a]ny person who . . . has been convicted of a felony by a court of this state or any other state . . . and who receives, possesses, or transports any firearm" commits the offense of possession of a firearm by a convicted felon. A "felony" for this purpose "means any offense punishable by imprisonment for a term of one year or more. . . ." OCGA § 16-11-131 (a) (1).

The State introduced a certified copy of a 1981 Minnesota judgment, complaint, and a transcript of the plea proceedings into evidence. The Minnesota complaint charged Warren with four counts of assault, including two counts of "ASSAULT IN THE THIRD DEGREE — Minn. Stats. 1979, § 609.223" in that he "wilfully, unlawfully, wrongfully, knowingly and feloniously assault[ed]" two persons through the infliction of substantial bodily harm. Warren pled guilty to the two counts of assault in the third degree, which authorized a punishment of "0-3 years and/or $3,000[,]" and he received a sentence of confinement "for a term of 1 yr. and 1 day."

Warren argues that because his total punishment for the two counts was one year and one day in confinement, he could have been

given two consecutive sentences of less than a year. He also argues that the conviction papers do not establish whether the conviction was a misdemeanor or felony for purposes of Minnesota law. But given that Warren was convicted of an offense that carried a maximum punishment of three years in prison, any rational trier of fact could conclude that Warren had been convicted of an "offense punishable by imprisonment for a term of one year or more," pursuant to OCGA § 16-11-131 (a) (1). See *Favors v. State*, 182 Ga. App. 179, 180 (2) (355 SE2d 109) (1987); *Calbreath v. State*, 235 Ga. App. 638 (1) (510 SE2d 145) (1998) (in determining whether a sentence is a felony, the established consideration "is what sentence *can be* imposed under the law, not what *was* imposed") (citation and punctuation omitted). As a result, the trial court did not err in denying Warren's motion for directed verdict. See *Battles v. State*, 273 Ga. 533 (2) (543 SE2d 724) (2001).

2. Warren further claims that the application of OCGA § 16-11-131 failed to provide him with due process in that he was not given fair notice that his possession of a firearm was criminal. Warren points out that even though the Minnesota crime for which he was convicted authorized a punishment of imprisonment of one year or more, the crime was also punishable by less than a year in prison or only a fine. He argues that the range of punishment creates an ambiguity in the application of OCGA § 16-11-131 such that he was not provided sufficient notice that he stood convicted of a predicate felony. We disagree.

As a rule, "[c]riminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations." (Citation omitted.) *State v. Langlands*, 276 Ga. 721, 724 (2) (583 SE2d 18) (2003). In *Langlands*, our Supreme Court held that a defendant's right to due process was violated when his previous conviction in another state for a first degree misdemeanor was treated as a felony pursuant to OCGA § 16-11-131 (a) (1). See id. at 724-725 (2) (finding "that a person of ordinary intelligence could fail to appreciate that the [OCGA § 16-11-131 (a) (1)] definition [of felony] was meant to . . . encompass within the ambit of OCGA § 16-11-131 any offense with a maximum sentence exceeding 12 months, even those denominated 'misdemeanor' by the rendering jurisdiction"). *Langlands* is not specifically applicable here, however, because Warren does not show that he was convicted of an offense classified as a "misdemeanor" for purposes of Minnesota law. See *United States v. Matter*, 818 F2d 653, 654 (8th Cir. 1987) (in Minnesota, a felony is a crime for which a sentence of imprisonment for more than one year may be imposed).

While Warren claims that OCGA § 16-11-131 (a) (1) is ambiguous in that "any offense punishable by imprisonment for a term of one year or more," could exclude offenses that provide for a range of punishment including imprisonment for both less than and more than one year, such an interpretation would not be within the "natural and obvious import" of the statute. *Langlands*, supra, 276 Ga. at 724 (2). Instead, it would create an inconsistency in that there are many crimes labeled as felonies by our legislature that include a range of punishment that authorizes but does not require a sentence of imprisonment for more than a year.[1] Accordingly, we conclude that OCGA § 16-11-131 (a) (1) provides sufficient notice to a person of ordinary intelligence that a conviction by a Minnesota court of the crime of third degree assault, which authorized punishment of up to three years in prison, is a "felony" conviction for purposes of the statute.

3. Warren also claims that the State failed to prove two separate counts of possession of a firearm by a convicted felon. He argues that he was not in possession of the firearm located in his bedroom, that the evidence failed to show that such firearm was different from the one used at the crime scene, and that he had therefore been subject to multiple prosecutions for the same conduct. See OCGA § 16-1-7. We disagree.

Police found a silver .32 caliber handgun in the closet of Warren's master bedroom. The closet also contained Warren's clothes and other possessions, and Warren admitted that the closet was his. Castle testified that Warren shot him with a *black* gun, and police found .380 caliber shell casings at the crime scene. The evidence authorized any rational trier of fact to conclude that Warren used one firearm to shoot Castle and possessed another firearm in his bedroom. See *Wright v. State*, 279 Ga. App. 299, 299 (1) (630 SE2d 774) (2006) ("As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact.") (punctuation and footnote omitted).

---

[1] Examples include OCGA § 16-7-53 (c) (person who unlawfully dumps biomedical or hazardous waste in violation of OCGA § 16-7-52 "shall be guilty of a felony" punishable by a fine of not more than $25,000 for each violation or imprisonment for not more than five years, or both); OCGA § 16-9-5 (c) (1) (a person who knowingly manufactures a counterfeit proof of insurance document, "for the second or any subsequent offense shall be guilty of a felony and shall be punished by a fine of not more than $5,000.00 or by imprisonment for not more than three years, or both"); OCGA § 16-13-42 (b) (person who commits crime of unauthorized distribution of controlled substances "is guilty of a felony" punishable by imprisonment of not more than five years, a fine of not more than $25,000, or both).

4. Warren further claims that the trial court erred in admitting State's Exhibits 2 and 13 into evidence over counsel's objection. We disagree.

(a) State's Exhibit 2 was identified by Hobbs as a photograph showing him and his uncle with Castle, who was lying down on his back at the crime scene. Defense counsel objected "at this time until they can connect it up." After the prosecutor responded that the witness had identified the photograph, and that the State would "connect it up" in closing argument, the trial court admitted Exhibit 2 "over that objection." Warren argues that the trial court should not have allowed the photograph into evidence without a proper foundation, and that the State's proffer to "connect it up" in closing argument, after the evidence was closed, was improper.

Inasmuch as the images in the photograph were identified by Hobbs, Warren's contention that the trial court erred in admitting the photograph without foundation is without merit. "[I]t is well settled that the quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." (Citation and punctuation omitted.) *Williams v. State*, 271 Ga. App. 166, 168 (5) (b) (609 SE2d 122) (2004). Further, Warren's specific objection was "at this time until" the photograph could be connected to the crime, and the State submitted additional evidence connecting the photograph to the crime, notwithstanding the prosecutor's initial representation that a connection would be made in closing argument. The police officer who responded to the scene of the crime testified that the photograph showed "where the victim was" following the shooting. Hobbs' neighbor testified that after she heard gunshots, she looked out the window of her home and saw a man with a gun and Castle on the ground behind the blue car shown in the photograph. After the State introduced such evidence to connect the photograph to the crime, Warren did not renew his objection, and he thus waived his right to complain on appeal. "Failure to renew objection to the conditional admission of evidence affords no basis of appeal." *Clayton County Bd. of Ed. v. Hooper*, 128 Ga. App. 817, 820 (3) (198 SE2d 373) (1973).

(b) Warren's claim that the trial court erred in admitting Exhibit 13 over objection is also without merit. Exhibit 13 consisted of certified copies of Warren's Minnesota judgment of conviction, associated complaint, and plea hearing transcript. These documents were admissible to show that Warren was a convicted felon for purposes of OCGA § 16-11-131. See OCGA § 24-7-24 (b); *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981) (certified copy of previous felony conviction admissible to show defendant was a convicted felon in possession of a firearm).

5. Warren claims that the trial court erred in failing to instruct the jury that his identification by Hobbs' neighbor was hearsay and had no probative value. We disagree.

Hobbs' neighbor testified that she had previously identified Warren to the police as the man she saw with a gun. On cross-examination, the neighbor admitted that she identified Warren as the gunman because Hobbs told her Warren had shot Castle. Warren contends that in light of such testimony, the trial court erred in failing to charge the jury that hearsay evidence has no probative value and in failing to contemporaneously instruct the jury to that effect.

The trial court was not, however, required to give a contemporaneous limiting instruction as to hearsay. *Short v. State*, 276 Ga. App. 340, 347 (3) (623 SE2d 195) (2005). Since Warren did not make a written request to charge on hearsay, and provides no authority for the proposition that the failure to give an instruction on hearsay is a substantial error that may be harmful as a matter of law, we also conclude that the trial court did not err in failing to charge the jury sua sponte that hearsay has no probative value. See OCGA § 5-5-24 (c); *Hubbard v. State*, 220 Ga. App. 678 (1) (496 SE2d 866) (1996) (generally, if no written request for a jury charge is filed, the failure to give that charge is not error).

6. Warren claims the trial court erred in allowing Castle and Hobbs to testify without previously providing the defense with copies of their criminal convictions, and in failing to order a mistrial or continuance on this account. We disagree.

During direct examination, Castle admitted to pleading guilty to a bad check charge. Castle was cross-examined about the conviction at length. During cross-examination, Warren's trial attorney was also able to establish that a warrant had been issued for Castle's arrest, apparently as a result of Castle leaving the state in violation of his probation. During direct examination, Hobbs admitted to a conviction, and Warren's trial counsel subsequently introduced a certified copy of Hobbs' conviction for financial transaction card fraud and Hobbs' probation revocation for possession of cocaine.

Warren contends that the State did not comply with its obligations under *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963) when it failed to disclose Castle's and Hobbs' convictions to the defense before trial. Warren did not object on the grounds of a *Brady* violation at trial, however, and has waived the issue for purposes of appeal. See *Floyd v. State*, 263 Ga. App. 42, 43 (587 SE2d 203) (2003). Even if Warren had preserved the issue, the introduction of the witnesses' convictions precluded the finding of a *Brady* violation. Warren has

the burden of showing that evidence was withheld, and that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* rule. Also, *Brady* itself does not require the pre-trial disclosure of exculpatory evidence and is not violated when the evidence is presented to the jury at trial.

(Citations and punctuation omitted.) *Dennis v. State*, 263 Ga. 257, 259 (5) (430 SE2d 742) (1993). Since the evidence of Castle's and Hobbs' convictions was made known to the jury during the trial, Warren failed to carry his burden of showing that he was denied a fair trial. See id.; *Edwards v. State*, 176 Ga. App. 369, 370 (337 SE2d 27) (1985) ("[i]f after a *Brady* motion exculpatory information is withheld from the defendant prior to trial, but is later introduced at trial by the State[,] the defendant has not shown how his defense was prejudiced, and accordingly, how he has been denied a fair trial") (citation omitted).

7. Warren claims that he received ineffective assistance of trial counsel. "To prevail on this claim, [Warren] has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005). This Court must accept the trial court's findings of fact on a claim of ineffective assistance of counsel unless they are clearly erroneous; the trial court's legal conclusions, however, are reviewed de novo. *Tolbert v. State*, 282 Ga. 254, 257 (3) (647 SE2d 555) (2007).

(a) Warren claims his trial counsel was deficient in failing to call witnesses to show that persons other than Warren had access to his home. However, Warren made no showing at his hearing on motion for new trial as to how these witnesses would have testified, and so he cannot establish that his trial counsel's failure to call the witnesses prejudiced his defense. See *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995) ("[i]n assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case"); *Jividen v. State*, 256 Ga. App. 642, 646-647 (1) (d) (569 SE2d 589) (2002) (appellant failed to call potential witnesses at the new trial hearing and thus could not show prejudice resulted from their absence at trial).

(b) Warren claims his trial counsel was deficient in failing to research Minnesota law to ascertain how Minnesota classified levels of crime. However, Warren does not demonstrate that such research

would have shown that he was not a convicted felon for purposes of OCGA § 16-11-131. As a result, he fails to demonstrate that there is a reasonable probability that the outcome of his trial would have differed had trial counsel undertaken such research. See *White v. State*, 281 Ga. 276, 281 (6) (637 SE2d 645) (2006).

(c) Warren contends he received ineffective assistance of counsel because his trial counsel did not object to the identification testimony of Hobbs' neighbor on hearsay grounds. We disagree.

Even if Warren's trial counsel had been able to exclude the neighbor's identification testimony as hearsay, her testimony is cumulative of Castle's testimony that Warren shot him. The jury could also conclude that Warren shot Castle in view of Hobbs' testimony that he saw Warren shooting a gun outside his house while Castle was hiding behind a car with a gunshot wound. Warren cannot show that there is a reasonable probability that but for his trial counsel's alleged deficient performance in failing to object to the neighbor's testimony, that the outcome of the trial would have differed. See *Darnell v. State*, 257 Ga. App. 555, 559 (7) (c) (571 SE2d 547) (2002).

(d) Warren contends that his trial counsel rendered ineffective assistance by failing to seek a jury instruction on self-defense or justification. We disagree.

Warren's trial counsel testified during the hearing on motion for new trial that he decided to pursue a defense of accident or that someone else shot Castle after he considered the evidence and because Warren claimed that he did not shoot anyone. Trial counsel's decision to pursue a defense other than justification or self-defense did not amount to ineffective assistance of counsel. "[A]ttorney's decisions on which . . . defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Curry v. State*, 269 Ga. App. 170, 172 (4) (603 SE2d 530) (2004). See *Sutton v. State*, 210 Ga. App. 247, 248 (2) (435 SE2d 748) (1993) (decision not to pursue the defense of justification is one of trial strategy).

Warren testified at trial that Castle and Hobbs tried to rob him, that a struggle ensued between Warren and Castle, and that a gun went off. According to Warren, after he heard the first shot, he ran toward his van, and he heard more gunfire. Warren maintained that he had been unarmed, did not shoot anyone, and did not touch a gun. In light of Warren's testimony that he did not shoot anyone or even touch a gun, trial counsel did not render ineffective assistance by failing to request charges on self-defense and justification and, instead, pursuing alternative defenses. See *Stinchcomb v. State*, 280 Ga. 170, 174 (5) (626 SE2d 88) (2006) (counsel not ineffective in failing to request a justification charge not adjusted to the evidence).

(e) Warren claims that his trial counsel was ineffective because he did not seek a mistrial or the exclusion of Castle's and Hobbs' testimony after the State failed to provide their criminal records to the defense before trial. As discussed in Division 6, supra, such testimony did not deny Warren a fair trial because the State introduced evidence of Castle's and Hobbs' previous convictions at trial, and Warren's trial counsel then cross-examined both witnesses about their convictions. Accordingly, Warren's trial counsel was not ineffective for failing to move to exclude witness testimony or move for a mistrial on the grounds that the State's failure to provide him with the convictions before trial violated his rights under *Brady*. See *Banks v. State*, 244 Ga. App. 191, 192 (1) (c) (535 SE2d 22) (2000) (trial counsel's failure to pursue a meritless motion is not evidence of ineffective assistance).

Given that Warren has failed to carry his burden of establishing that he received ineffective assistance of counsel, the trial court did not err in denying his motion for new trial on such grounds.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 4, 2008 

*Barry Staples*, for appellant.
*Patrick H. Head, District Attorney, Grady A. Moore, John R. Edwards, Assistant District Attorneys*, for appellee.