## A08A0492. DORSEY v. THE STATE.

(662 SE2d 800)

ANDREWS, Judge.

Maurice Jones Dorsey appeals from the judgment entered after a jury found him guilty of armed robbery and possession of a knife during the commission of a felony. Dorsey's only argument on appeal is that the judge who presided over his case at trial was not authorized to do so. Dorsey contends that the superior court's procedure for designating a magistrate to sit in for the judge assigned to his case did not comport with the requirements of OCGA § 15-1-9.1 (b) (2). For the reasons discussed below, we conclude there was no error and affirm.

OCGA § 15-1-9.1 (b) (2) provides:

> If assistance is needed from a judge from the same county, the chief judge of any court within such county of this state may make a written request for assistance to the chief judge of any other court within such county, a senior judge of the superior court, a retired judge, or a judge emeritus of any court within the county. The request by the chief judge may be made if one of the following circumstances arises:
>
> (A) A judge of the requesting court is disqualified for any cause from presiding in any matter pending before the court;
>
> (B) A judge of the requesting court is unable to preside because of disability, illness, or absence;
>
> (C) A majority of the judges of the requesting court determines that the business of the court requires the temporary assistance of an additional judge or additional judges; or
>
> (D) A majority of the judges of the requesting court determines that the business of the court requires the permanent assistance of an additional judge or additional judges. . . .

The record shows that one of the superior court judges requested that the chief judge of the superior court obtain judicial assistance for his division. The chief judge then requested that the chief judge of the magistrate court designate a judge to provide assistance during the period requested. The chief magistrate assigned a magistrate to the division and the chief judge of the superior court assigned that magistrate to a calendar for October 9 through October 25, 2006.

1. Dorsey claims that there is no showing that a majority of the judges determined that there was a need for the assistance of an additional judge as required by OCGA § 15-1-9.1 (b) (2) (C). Dorsey cites to no authority in support of his claim that this rendered the designation null and void, and we find none. Further, Dorsey not only did not make this argument below, defense counsel acknowledged before trial that the order appeared "to be correct in form. . . ." See, e.g., *Rivers v. State*, 270 Ga. App. 633, 635 (607 SE2d 144) (2004).

Even if the claim were not waived, "[t]he record in the present case contains a document which includes a request from the chief judge of the requesting court, which is presumed to be a valid request (OCGA § 15-1-9.1 (c)).[1] For an intra-county request for assistance, that is all the statute requires." *Lewis v. McDougal*, 276 Ga. 861, 862 (583 SE2d 859) (2003).

2. Dorsey also contends that the only magistrate authorized to hear the case was the chief magistrate. He points to that section of OCGA § 15-1-9.1 (b) (2) that states that the chief judge "may make a written request for assistance to the chief judge of any other court within such county, a senior judge of the superior court, a retired judge, or a judge emeritus of any court within the county." Again, Dorsey cites to no case law or authority to support this argument and we find none.

Here, the chief judge of the superior court made a written request to the chief judge of the magistrate court for assistance. The chief judge of the magistrate court appointed one of the magistrates to hear the case. The Code section provides for this procedure and nowhere prohibits the chief judge of the magistrate court from appointing another magistrate to hear the case.

In *Massey v. State*, 265 Ga. 632 (458 SE2d 818) (1995), the judge who presided over the trial and sentencing was a pro hac vice magistrate designated by the chief magistrate of Fulton County pursuant to OCGA § 15-1-9.1. The court in *Massey* held that this "judge of the magistrate court, qualified to serve on the superior court, who was requested by the superior court in time of need to exercise the judicial power of superior court, to which request the magistrate court assented," was authorized to sit for the superior court judge. Id. at 633.

At the hearing on Dorsey's motion for new trial, the trial judge stated, "For the record, every magistrate in Gwinnett County that sits on superior court is required to be superior-court qualified, to

---

[1] OCGA § 15-1-9.1 (c) provides that "[a] chief judge of a requesting court or assisting court shall be presumed to act with the consent of all judges of the court."

meet the statutory requirements to be a superior court judge." Dorsey does not dispute this statement. Accordingly, we find this enumeration to be without merit.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 29, 2008.

*Mark A. Yurachek*, for appellant.

*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.