### A10A0280. HAWKINS v. THE STATE.
(690 SE2d 440)

ELLINGTON, Judge.

A Gwinnett County jury found Jeron Hawkins guilty beyond a reasonable doubt of criminal trespass, OCGA § 16-7-21 (b) (1); burglary, OCGA § 16-7-1 (a); and unlawful eavesdropping and surveillance, OCGA § 16-11-62 (3). He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction for unlawful eavesdropping and surveillance, that his convictions for criminal trespass and burglary were based upon the same act and should have been merged, and that his convictions were illegal because the magistrate judge who presided over his trial and motion hearing was unauthorized to do so. As explained below, we find that the evidence was sufficient to support his convictions, but that his criminal trespass conviction merged into his burglary conviction as a matter of law and fact. We also conclude that Hawkins' challenge to the judge's authority is without merit. Consequently, we affirm the judgment on his convictions, but vacate his sentences for burglary and criminal trespass and remand this case for resentencing as directed.

1. Hawkins argues that the evidence was insufficient to support

his conviction for unlawful eavesdropping and surveillance[1] because the evidence showed that he did not try to hide his presence from the victim. He argues that, instead, he only attempted to conceal his identity. This argument lacks merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in this light, the record reveals the following facts. In the early morning hours of June 20, 2006, Hawkins peered through the first-floor bedroom window of a Gwinnett County apartment and saw a teenaged girl, who was working on a computer in another room. Hawkins decided that he wanted to get her cell phone number, so he climbed through the bedroom window, picked up the cell phone that was on the girl's bed, and recorded her phone number. He then pulled his t-shirt over his head, concealing his face, and walked into the adjacent room, standing behind the girl. When the girl heard a noise, she turned around, saw Hawkins, screamed, and ran to her mother's bedroom. Hawkins fled without taking anything from the apartment, and the victims called the police.

After the police arrived, the girl checked the voice messages on her cell phone and retrieved two messages from a man. In the messages, the man apologized for scaring her. The girl also received a text message the next day from a phone number that belonged to Hawkins. An officer called Hawkins and asked him to come to the station for an interview. During the interview, which was videotaped

---

[1] Under OCGA § 16-11-62 (3), it is unlawful for "[a]ny person to go on or about the premises of another or any private place, except as otherwise provided by law, for the purpose of invading the privacy of others by eavesdropping upon their conversations or secretly observing their activities[.]"

and played for the jury, Hawkins admitted to committing the acts described above. Although Hawkins initially told the officer that he had entered the apartment because he needed money, he later admitted that he wanted to get the girl's phone number so he could call her. The jury ultimately convicted Hawkins of criminal trespass (as a lesser included charge to burglary with the intent to commit a theft), burglary (with the intent to commit a felony), and unlawful eavesdropping and surveillance.

We conclude that this evidence was sufficient for a rational finder of fact to find Hawkins guilty beyond a reasonable doubt of unlawful eavesdropping and surveillance as charged. *Clark v. State*, 275 Ga. at 221 (1).

2. Hawkins contends that his separate convictions and sentences for criminal trespass and burglary are improper because the evidence showed that he only entered the apartment one time.

> Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact. . . . For separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. If they were committed at the same time and place and [were part] of a continuous criminal act, and inspired by the same criminal intent, they are susceptible of only one punishment.

(Punctuation, footnotes and emphasis omitted.) *McConnell v. State*, 263 Ga. App. 686, 693 (7) (589 SE2d 271) (2003).

In this case, the State has conceded that, under the facts presented, the trial court should have merged Hawkins' criminal trespass conviction into his burglary conviction prior to sentencing. We agree and vacate Hawkins' sentences for criminal trespass and burglary and remand this case to the trial court for resentencing.

3. Hawkins contends that his convictions were illegal because the magistrate judge who presided over his trial and motion hearing was unauthorized to preside over a felony jury trial. He also argues that the chief magistrate lacked statutory authority to designate another magistrate to assist the superior court. This Court, however, has previously considered and rejected the same arguments in *Dorsey v. State*, 291 Ga. App. 706, 707-708 (2) (662 SE2d 800) (2008). Thus, Hawkins has failed to demonstrate any error.

*Judgment affirmed, sentence vacated in part, and case remanded. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 21, 2010.

Before Judge Head, pro hac vice.
    *John R. Burdges*, for appellant.
    *Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.