**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**December 10, 2012**

# In the Court of Appeals of Georgia

A12A2052. GIBSON v. THE STATE.

ELLINGTON, Chief Judge.

A Jackson County jury found Ronald Gibson guilty beyond a reasonable doubt of four counts of possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). The trial court sentenced Gibson to five years as to each count, to run concurrently. The record shows that the four counts pertained to only two firearms. Specifically, Counts 3 and 5 of the indictment charged Gibson with possessing a single weapon, a Remington Model 1100 shotgun, on a single day, January 31, 2010. The two alternative counts were based on two different previous felony convictions. Similarly, the record shows that Counts 4 and 6 charged Gibson with possessing a single weapon, an Intrac Arms shotgun, on that same day. Gibson contends that, because the alternative counts concerned possession of a single weapon on a single

day, Count 3 merged with Count 5 and Count 4 merged with Count 6. This is correct, as the State concedes.

It is axiomatic that an accused may not be convicted of more than one crime for the same conduct if one crime is included in the other. OCGA § 16-1-7 (a). See *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (Georgia courts apply the "required evidence" test to determine whether one crime is included in the other.). OCGA § 16-11-131 (b) provides that "[a]ny person . . . who has been convicted of a felony by a court of this state . . . and who . . . possesses . . . any firearm commits a felony[.]"). Although the State was doubly able to prove Gibson's status as a convicted felon, given his two past felony convictions, Counts 3 and 5 both charged a single offense, that is, one act of being a felon in possession of a Remington Model 1100 shotgun on January 31, 2010. Because Counts 3 and 5 charged a single violation of Georgia law, the offenses merged and the trial court erred in imposing separate punishment for each count. See *Wyman v. State*, 278 Ga. 339, 339-340 (1) (602 SE2d 619) (2004) (Georgia law bars separate punishment for offenses that merge as a matter of law or fact.); *Hawkins v. State*, 302 Ga. App. 84, 86 (2) (690 SE2d 440) (2010) (accord); *Warren v. State*, 289 Ga. App. 481, 482 (657 SE2d 533) (2008) (A defendant who had two prior felony convictions and who possessed two guns was

guilty of two counts of violating OCGA § 16-11-131(b)). Likewise, Gibson only committed one act of being a felon in possession of an Intrac Arms shotgun on January 31, 2010; thus, Counts 4 and 6 merged.

Accordingly, the judgment is vacated, and this case is remanded for resentencing. *Hawkins v. State*, 302 Ga. App. 84, 86 (2) (690 SE2d 440) (2010).

*Judgment vacated and case remanded. Phipps, P. J., and Dillard, J., concur.*